Ruffin, Judge.
 

 The witness offered by the Plaintiff was properly rejected. It was the husband of the dis-tributee of the intestate ; and although his wife was dead, that made no difference. The declaratory act of 22 and 23,
 
 Charles II
 
 is only in affirmance of the common law; and the husband,
 
 jure maritali,
 
 is entitled to the wife’s personal estate, let who will administer.
 

 The opinion of the Court below was clearly right on the other point also. The letters of administration d®< not contain any matter distinct from the record. They are a mere copy of it, with the addition only of a certificate that they are a copy, verified by the seal of the Court. If the order had been, that administration would he granted to
 
 William
 
 Taylor, upon his giving bond, it would have been conditional and nugatory. The Court can make no such order, for they would still have to judge of the bond and administer the oath. But the words
 
 “
 
 granted” and “ giving,” in this order, plainly mean
 
 “ is
 
 granted” and
 
 “ now
 
 giving” bond — for the bond, its amount and the sureties are specially set forth. In making
 
 profert
 
 of the letters, the administrations avers only, that he has them, and does not show forth his bond or his oath, that he has duly obtained them. That is all merged in the fact of his being the administrator by order of the Court, which is held to do every thing rightly.
 

 If there was a previous administrator, during whose time the Defendant held the slaves adversely, he is clearly protected. For as a bailment from the first administrator would enure to the benefit of the admiuis-
 
 *363
 
 trator
 
 de bonis non, so
 
 shall,a bar against the former operate against the latter.
 

 Per Curiam. — Let the judgment of the Court below be affirmed.