The petitioners allege that they are the "heirs at law" and "distributees" of Hezekiah Bonham, who died intestate; that the defendants are the administrators of the said Bonham, and, as such, took into their possession negroes, bonds, money and other personal property to a large amount. The prayer is for an account and distribution.
The defendants admit that they are the administrators de bonis non of Bonham, but they allege that administration upon his estate had been before granted to one Neil Henry, who had died intestate; that one Nathan Bonham is the administrator of the said Neil Henry. They therefore insist that they are liable to account with the said Nathan Bonham, and not with the petitioners, Ann Henry or her children. They further allege that Neil Henry committed a devastavit to the amount of about $800, and they are the sureties on his administration *Page 195 
bond; "they maintain that the estate of the said Neil Henry is responsible for this deficiency, and the defendants having the share of the estate of the said Hezekiah Bonham in (279) their hands, to which the representatives are entitled, they have a right to retain the same, or so much thereof as shall be sufficient to pay, satisfy and discharge the said deficiency."
A reference was made to the clerk to take an account. The clerk made a report, to which the defendants filed an exception. The case came on to be heard upon the petition, answer, report and exception. The exception was overruled and the report was confirmed, and a decree for the petitioners, from which the defendants appealed.
The petitioners claim the personal estate of the intestate as his "heirs at law" and, "distributees." The word "heirs" is used to denote the persons who are entitled, by descent, to the real estate of a deceased ancestor. It is appropriated to that purpose, and when used in pleading, in reference to personal estate, it has no meaning, and must be rejected as surplusage.
The other word, "distributees," is new in pleading, but my brother Nash
and myself deem it admissible to denote the persons who are entitled under the statute of distributions to the personal estate of one who is dead intestate.
No one word has heretofore been used for that purpose, and it has been necessary, in order to convey the idea, to make use of a paraphrase or set of words. "Widow" and "next of kin" are sometimes used in pleading, but these words are insufficient to convey the idea; for "next of kin" means nearest of kin, and does not include those who are entitled by representation. The statute of distributions uses the words "next of kin of the intestate, who are in equal degree, and those who legally represent them." To avoid the use of so many words, it is certainly desirable to have one word to (280) convey the idea in reference to personal estate; and as there is a necessity for making a word, we can see no objection to the word "distributees." It commends itself, because it is new and has not been appropriated to any other use, and is as fit and seemly a word as feoffee, mortgagee, bargainee, bailee, endorsee, etc. We know the word "distributee" is now in common use among the legal profession, and the fact that it has been adopted by the profession and the Legislature, notwithstanding the severe *Page 196 
rebuke given to it by Chief Justice Henderson in Croom v. Herring,11 N.C. 393, is a convincing proof that the necessity for a new word really existed.
But yielding to the petitioners the benefit of this word, they have not entitled themselves to a decree, because there is no proof that they are distributees. The answer does not admit it, and no depositions have been taken; and we should reverse the decree made below and dismiss the bill, but for the fact that the answer is equally defective, and we feel disposed to extend great indulgence to proceedings commenced in the County Court. The answer does not state the ground upon which the defendants maintain their right to retain the share of the estate to which the representatives of Neil Henry are entitled. Nor does it state upon what ground Neil Henry became entitled to a share of the estate of Hezekiah Bonham. We conjecture from what is stated, for the first time, in the decree, that Neil Henry was the husband of Ann Henry, the petitioner, and that the defendants wish to raise the question whether, as husband, he was not entitled to her distributive share; but there are no allegations to raise the question and no proofs whatever.
The decree made below must be reversed, with costs in this Court, and we will then direct the cause to be remanded (281) upon the motion of the petitioners, so as to let in amendments and give an opportunity to make proofs of the allegations. If no such motion is made at this or the next term, the petition will be dismissed.