Peaesok, J.
 

 A woman, in contemplation of marriage, conveys land and slaves in trust, after the marriage, for her sole and separate use, with power to dispose thereof by deed or will; in default of such disposition, to her issue, and in default of issue, “ to hold in trust to her
 
 hei/rs-at-law
 
 and
 
 distribu-tees.”
 
 She dies without executing the power and without issue, leaving her husband surviving her, and also several nephews and nieces, who are her nearest of kin. The question is, are the nephews and nieces entitled to the slaves as purchasers under the word “ distributees?” If not so entitled,
 
 *41
 
 and tbe slaves vest in tbe administrator of tbe wife, does be, after payment of debts, bold them for ber nephews and nieces, or for ber husband?
 

 The title to tbe land does not come in question, but the legal effect of tbe deed in regard to it will serve to illustrate tbe subject of tbe slaves. Suppose there bad been no limitation of tbe land “to tbe heirs” of the grantor, there would have been a resulting trust to her in fee simple. So the addition of these words is merely an - expression of what would have resulted to ber by implication of law, at all events, by force of the rule in Shelly’s case. The word
 
 heirs
 
 is a word of limitation, and not of purchase. So, she bad a fee simple expectant upon the power and the other limitations in the deed, and her heirs take the land by descent and not by purchase. The word
 
 distributees
 
 has the same signification in respect to personal property, that the word
 
 heirs
 
 has in respect to land, and denotes the person, or persons, upon whom the estate devolves by act of law, upon the death of the absolute owner. So, if this limitation to her
 
 distributees
 
 had not been made, there would have been a resulting trust to the grantor of the absolute property in the slaves, and the addition of that word is merely an expression of what would have resulted to her by implication of law, and as it is settled that the rule in Shelly’s ease is applicable to a conveyance of slaves, it follows that, at all events, the word “distributees” is a word of limitation, and not of purchase. So, the grantor had the absolute estate, expectant upon the power and the other limitations in the deed, and her nephews and nieces, or nearest of kin, cannot make title to themselves as
 
 purchasers.
 

 By way of further illustration, suppose the wife had survived the husband, can any motive be suggested why it should have been her intention to restrict her estate? We can conceive of none. On the contrary, in that event, it is reasonable to suppose she intended to be the absolute owner of her own property, the power to dispose of it by will or otherwise without the assent of the husband, being intended merely to secure a right, of which her coverture would deprive her.
 
 *42
 
 This is manifest, from the fact that no words of special description, necessary to denote purchasers, are used — such as children, nephews and nieces, or individuals by name; but general terms, such as the law would have implied, are used; the legal effect whereof was to leave the absolute estate in her.
 

 Upon the death of a feme covert, the husband is entitled to administration upon her estate, and, afterpayment of debts, he is entitled to the surplus for his own use. The statute of distributions, 22nd Charles 2nd, does not embrace the case ; and if a third person takes out letters of .administration upon the estate of the wife, it is settled that the husband is entitled to the surplus after the payment of debts, because the case does not fall within any of the provisions of the statute of distributions. In this point of view, it is difficult to see how the nephews and nieces, oven if it be supposed that the word dis-tributee is a word of purchase, could bring themselves within the description, because
 
 a married woman has no dhshribu-tees.
 

 Peterson
 
 v.
 
 Webb, 4
 
 Ire. Eq. 56, is not in point. There the trust was for the husband and wife, during their joint lives, and if he survived her, “
 
 then to him for
 
 life, remainder to her next of kin, under tire statute of distributions ; and it was held, that as an estate for life was expressly given to him, he was thereby excluded from the absolute estate.
 

 In
 
 Davenport
 
 v. Hassell, Bus. Eq. 29, it was held, that under the description “
 
 nearest llood
 
 kin,” a sister takes, to the exclusion of nephews and nieces, the children of a deceased sister. “Next of kin,” or '“nearest of kin,” does not include those who are entitled by representation. The statute of distribution uses the words “ next of kin of the intestate who are in equal degree, and those who legally represent them,” which is aptly expressed by the word “ distributees.”
 
 Henry
 
 v. Henry, 9 Ire. Rep. 278.
 

 So, in our case, the very word is used which appropriately signifies those upon whom the personal estate devolves by law, upon the death of the owner of the absolute estate, and it fol
 
 *43
 
 lows, just as conclusively, that the word is one of limitation, and not of purchase, as that the word “ heirs,” in respect to the land, is a word of limitation.
 

 It will be declared to be the opinion of the Court that the plaintiffs are not entitled to the slaves as purchasers under the deed; nor are they entitled to demand the slaves from the administrator of their deceased aunt, as the right to the personal estate does not devolve upon them by act of law. The bill will be dismissed with costs.
 

 Pee CueiaM. Decree accordingly.