Error.

A. S. WOOTEN, Administrator of Julia Wooten, v. SIMEON WOOTEN.

(Decided November 15, 1898.)

*Administrators.*

If the husband shall die after his wife, without having administered, there is no authority to appoint an administrator upon her estate. *The Code*, Section 1479.

CIVIL ACTION upon a note under seal, tried before *Adams, J.*, at Spring Term, 1898, of Superior Court of GREENE County.

The note for $500 was executed by Simeon Wooten, defendant, payable to intestate of plaintiff. The defendant contested the right of plaintiff to bring this suit, on the ground that Julia Wooten died leaving her husband, William I. Wooten, surviving, who died without having administered, and that his administrator was the proper person to sue. The defendant also alleged that W. I. Wooten died largely insolvent, and owed defendant some $20,000.

Pending the action, and after answer filed, the defendant, Simeon Wooten, took out letters of administration upon the estate of W. I. Wooten and applied by petition to be made a party to the cause as such administrator.  His Honor granted the petition, and being of opinion that under Section 1479 of *The Code*, that the personal property of the intestate Julia Wooten goes to the administrator of her husband, to be by him administered according to law, and that the plaintiff is not entitled to administer upon her estate, adjudged that this action be dismissed at the costs of the plaintiff.

The plaintiff excepted and appealed.

*Mr. George M. Lindsey*, for plaintiff (appellant).

*Mr. Swift Galloway* and *Mr. J. B. Batchelor*, for defendant.

CLARK, J.:    *The Code*, Section 1479, provides: "If the husband shall die after his wife, but before administering, his executor or administrator or assignee shall receive the personal property of the said wife, as part of the estate of the husband, subject as aforesaid," *i. e.* to her debts.  This changed rule of the Common Law, which was that the personalty of the wife did not go to the husband when he died without having reduced it to possession by administration.  And further, in conformity to this charge, it devolves the right of administering upon the wife's estate upon the executor or administrator of the husband *ex-officio*.  The object was evidently to save the cost and expense of two administrations and two sets of commissions by making the *cestui que* trust (the husband's representative) *ex-officio* the representative of the wife.  If there was an executor or administrator of the husband, an appointment of

an administrator of a wife, who had pre-deceased him, would be a nullity because not authorized by law. If there is a creditor of the wife, when there is default in taking out letters of administration upon the husband's estate, his remedy is not (as here attempted) by taking out administration upon the wife's estate, but to apply for administration upon the husband's estate, and then, as the law provides, he "shall receive the wife's personalty" and apply it to her debts

As in this case it seems there was no creditor of the wife (who died, indeed, eight years before her husband) the proceeding was probably taken by some creditor of the insolvent husband with the view of applying to his debts the property of the wife, which, having become his, was liable to such application  But, in any event, whether the plaintiff was creditor of the wife or of the husband, his remedy under this statute was to take out administration upon the husband's estate.

The Court below properly held that there is no authority to appoint an administrator upon the estate of a wife who dies before her husband, and, such appointment being void, dismissed the action.

Affirmed.

FURCHES, J., dissenting: Julia L. Wooten, plaintiff's intestate, was the wife of W. I. Wooten, and W. I. Wooten was the intestate of the defendant. The plaintiff's intestate died in 1888 and the defendant's intestate died in 1896. That in 1896, but after the death of W. I. Wooten (the husband) the plaintiff was appointed and qualified as the administrator of Julia L. Wooten (the wife). That on the 3rd day of December, 1887, the defendant, Simeon Wooten, made and executed his promissory note to Julia L. Wooten, plaintiff's

intestate, for $500 with interest at the rate of 8 per
per cent.    That on the 25th day of July, 1896, and after
the plaintiff had been appointed administrator of his
intestate, Julia, he commenced this action against the
defendant to recover the money due on said note.    The
defendant answered, admitting the execution of the
note, but alleging among other things that while the
note was given to the wife, it was not for the benefit of
the husband, who was insolvent to the amount of $30,-
000, $20,000 of which was due the defendant; that said
note had been paid and that the administration of plain-
tiff and this action is for the purpose of delaying the
settlement of the estate of W. I. Wooten (the husband).
This answer was filed at August term, 1896, and at
February term, 1897, the defendant having then quali-
fied as the administrator of W. I. Wooten (the husband)
by leave of Court, filed another answer, in which he
claimed that as such administrator he was the owner of
said note, and entitled to the possession of the same,
and that the plaintiff's action be dismissed.    The judge
so held and dismissed the plaintiff's action and taxed the
plaintiff and his bondsmen with the cost of action.

This is a short-handed way of getting shut of paying
a debt and imposing a bill of costs on a plaintiff who
had a right of action, when the action was commenced.
I don't think it can be done in this way.    At common
law the husband had the right to administer upon the
estate of his deceased wife.    And as there was no pro-
vision for distribution he was entitled to hold all that
remained after paying debts and costs and charges of
administration.    Williams on Executors, star page 357.

And by the law of this State, if the husband does not
administer, but another does, the husband is entitled to

all over paying debts and cost of administration.  *Hoskins* v. *Miller*, 13 N. C., 360.

If the husband dies after the wife, but before administration, the next of kin of the wife are entitled to have the administration on her estate.  But such administrator will have to account to the personal representative of the husband, for his administration on the wife's estate.  *Whidbee* v. *Frazier*, 2 N. C., star page 275; *Weeks* v. *Weeks*, 40 N. C., 120.  Thus showing that the personal estate of an intestate deceased person only passed from such estate by the means and the intervention of a personal representative.  For if it had passed to the husband by the death of the wife she would have had no estate to administer.

This seems to be admitted, to have been the law until 1871, Section 1479 of *The Code*.  And while this section does modify the law to some extent, this modification does not affect the law as applied to this case.  It does not change or profess to change the rights of the husband.  He can only become the *owner* by and through an administration, either by himself or some one else. And as he died before there was an admininistration he never was the owner of this note.  It is clear, then, that it was not at the time of his death and is no part of *his estate*.  There is no change or modification of his rights by this statute, so long as he is living.  And as we have seen upon his death the next of kin of the wife are entitled to administration.  *Whidbee* v. *Frazier* and *Weeks* v. *Weeks*, *supra*.  This is still law unless it has been changed by Section 1479 of *The Code*.  The first paragraph of this section is an affirmation of the common law, as I have stated it.  The other paragraph of said section is as follows:  "If the husband shall die after his wife, but before administering, his executor or

administrator or assignee shall receive the personal property of the said wife, as a part of the estate of the husband, subject as aforesaid, and except as herein provided."

This paragraph still treats the wife's property as belonging to her estate. That "his executor or administrator shall receive the personal property *of the said wife*, as a part of the estate of the husband." Still treating it as the *wife's property*, until the administration upon the husband's estate.

The plaintiff having the right to administer and the note belonging to his intestate's estate when he administered, he had the right and it was his duty to bring this action as he did, upon defendant's refusing to pay the same.

So the question comes down to this: Can the defendant, by such legerdemain as this appears to be, free himself from the demands of the law, and impose a bill of cost on the plaintiff, who was in the rightful discharge of his duty?

The law will not allow such juggling as this. It will not allow a defendant to set up a counter-claim or to plead a set-off against a plaintiff's demand, unless he was the owner of it before suit was brought. Will it allow such defence in this case?

It was said that the object of this statute was to prevent the necessity of two administrations, and I think this is so. But it has not prevented two in this case, and the second administration is brought about by the defendant, and, as it seems to me, to prevent having to pay this debt. As he did not administer on the husband's estate until long after this action was brought, and after he had answered, denying that he owed the debt, and then he administered on an estate

that he says is insolvent to the amount of $30,000, and it does not appear that there are any assets except this note.

The defendant says in his first answer that the note was given for the benefit of the husband, as he was insolvent, and in fact it was his note. This is a very singular statement for him to make, when he alleges that the insolvent husband was owing him $20,000. If this be true, why did the defendant give the note for $500 to bear interest at the rate of 8 per cent. till paid?

It is said by the Court that it appears that the wife owed no debts. This may be so but there is nothing in the record that shows it to be so.

It is also said by the Court that if there were creditors of the wife they should have administered on this insolvent estate of the husband to get their debts. This would be a great hardship and I do not believe the law makes any such requirement of them.

My opinion is that if the defendant had administered on the estate of the husband before the plaintiff administered on the estate of the wife, he would have been entitled to receive this note, as he would have been the administrator of the wife by force of the statute. The note belonged to her estate until there was an administrator. But when there was an administration on her estate the title to the property (the note) passed to her administration, and he alone had the right to collect the same. Williams on Executors, star pages 700 and 722.

In my opinion there was error in the judgment appealed from.

DOUGLAS, J.: I concur in the dissenting opinion.