FRANK J. FAISON, EXECUTOR, ET ALS. v. F. F. MIDDLETON ET ALS.

(Filed 15 March, 1916.)

### 1. Wills—Residuary Clause—Interpretation.

No particular mode of expression is necessary to constitute a residuary clause in a will, and while the words "rest," "residue," or "remainder" are commonly used for the purpose, naturally placed at the end of the dispositive portion of the will, all that is required is an adequate designation of what has not been otherwise disposed of; and the fact that a provision so operating is not spoken of in the will as the residuary clause is immaterial.

### 2. Same—Intent.

A residuary clause in a will should be construed so as to prevent an intestacy as to any part of the testator's estate, unless there is an apparent intent to the contrary, plainly and unequivocally expressed in the writing.

### 3. Wills—Residuary Clause—Property Devised—Realty—Statutes.

General words in a residuary clause of a will, "all of the residue," etc., embrace every species of property, whether real or personal, owned by the testator at his death, unless restricted by the context. Revisal, sec. 3142.

### 4. Wills—Residuary Clause—Devise in Blank—Interpretation.

A devise of land "to my................," without naming the devisee, followed by a residuary clause of the will, "that all of the residue of my estate be sold, and if there should be any surplus over the payment of debts and expenses, that such surplus be equally divided and paid over" to certain named persons: *Held*, the failure to name the devisee brings the devise within the terms of the statute as to void devises, or those incapable of taking effect, and the property devised will go to the residuary legatees, and not to the heirs at law.

APPEAL by defendant from *Connor, J.,* at September Term, 1915, of SAMPSON.

The suit was brought in order that the executor of L. P. Faison may be advised as to how to execute the trusts declared in his will, which is as follows:

I, L. P. Faison, of the aforesaid county and State, being of sound mind, but considering the uncertainty of my earthly existence, do make and declare this my last will and testament.

1.  My executor, hereinafter named, shall give my body a decent burial, suitable to the wishes of my friends and relatives, and pay all funeral expenses, together with my just debts, out of the first money which may come into his hands belonging to my estate.

2.  Give and devise to my...............the tract of land on which I now reside, containing 648 acres, for his natural life, and after his death to his heirs.

3.  My will and desire is that all of the residue of my estate shall be sold and the debts owing to me collected, and if there should be any surplus over and above the payment of debts and expenses, that such surplus be equally divided and paid over to my nephew L. P. Faison, Mary B. Pigford, and Bettie Bauman, Mary Haywood Middleton, Willie A. Middleton, Jennie Middleton.

4.  I hereby constitute and appoint brother F. J. Faison my lawful executor, to all intents and purposes, to execute this my last will and testament, according to the true intent and meaning of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made.

In witness whereof I, the said L. P. Faison, do hereunto set my hand and seal this day.                            L. P. FAISON.  [SEAL]

The principal question propounded to the court is whether the tract of land containing 648 acres, and mentioned in the second section of the will, goes to the heirs or next of kin, as undisposed of property, or is included in the residuary clause, there being no devisee named in said second section. The court was of opinion that it was embraced by the residuary clause, and adjudged that it be sold by the executor and the proceeds applied and the surplus thereof divided as directed in the third section of the will. Defendants appealed.

*Grady & Graham and H. E. Faison for plaintiff.*
*Butler & Herring for defendant.*

WALKER, J., after stating the case: The contention of the plaintiffs is that the 648 acres of land described in the second section of the will falls into the residue, which in law embraces all property, both real and personal, not otherwise disposed of, while the defendants say that the testator died intestate as to the said land, and it, therefore, descends to them as his heirs. We are of the opinion that the ruling of *Judge Connor* was the correct one. A few general principles, gathered from the text-writers and decisions upon the scope and effect of residuary clauses will throw much light upon the question presented to us and aid in our investigation of it.

"Residue" meaning that which remains, no particular mode of expression is necessary to constitute a residuary clause. The words "rest,"

"residue," or "remainder" are commonly used in the residuary clause, whose natural position is at the end of the disposing portion of the will; but all that is necessary is an adequate designation of what has not otherwise been disposed of, and the fact that a provision so operating is not called the residuary clause is immaterial. It is a general rule always to construe a residuary clause so as to prevent an intestacy as regards any part of the testator's estate, unless there is an apparent intention to the contrary. Consequently, where the will contains a general residuary clause, in order to exclude a particular thing belonging to the testator, and not otherwise disposed of, a plain and unequivocal intention on the part of the testator to exclude that property from the operation of the clause must be manifested; an ambiguous residuary clause being construed broadly rather than narrowly. But where it is manifest, from the expressed words of the will, that the gift of the residuum is confined to that of a particular fund or description of property, or to some certain residuum, the residuary legatees will be restricted to what is thus particularly given. General words in a residuary clause carry every estate or interest of the testator which is not expressly or by necessary implication excluded from its operation. A general residuary clause will cover everything which is not otherwise well disposed of in other parts of the will. It includes property excepted from other gifts, but not property otherwise disposed of by will. General words in a residuary clause, such as "all the rest, residue, and remainder" of testator's estate, will embrace every species of property, whether real or personal, unless restricted by the context. Land can be passed by the residuary clause without a specific description. While prior to modern legislation the operation of a residuary clause upon realty differed materially from its operation on personalty, owing to the testator's inability to devise subsequently acquired realty, and to the rule that the heirs should be favored at the expense of a devisee, which led to intestacy in the case of lapsed devises, under the present statutes the realty owned by the testator at the time of his death, and not otherwise disposed of, passes under a general residuary clause whose language is broad enough to include real estate. A general residuary bequest carries lapsed and void legacies, and property which is the subject of a devise which fails by reason of a misdescription. 40 Cyc., 1563 to 1570; Gardner on Wills, 418. It is provided by statute that "Unless a contrary intent shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained, which shall fail or be void by reason of the death of the devisee in the lifetime of the testator, or by reason of such devise being contrary to law, or otherwise incapable of taking effect, shall be included in the residuary devise (if any) contained in such will." Acts of 1844, ch. 88, sec. 4; Revisal, sec. 3142. If we regard item 2 as no devise at all; because

no devisee is named therein, or as a devise which has failed because incapable of taking effect, we think the judgment of the court was correct.

If the tract of 648 acres was not devised, it constituted a part of the testator's estate at his death, when his will took effect; and if it was devised, and the devise is incapable of taking effect, then it goes to the plaintiffs as a part of the residue under and by force of the statute. What the construction of this will would be if it were not for the above enactment we need not say, but it is clear, we think, that the statute gives the land in question to the plaintiffs, and similar statutes have been so construed in other States. "A general residuary clause carries property a devise of which has failed by reason of misdescription." *Eckford v. Eckford,* 53 N. W. (Iowa), 345. "Where a testatrix, by mistake, recited that she had settled a particular property upon a certain person, which was not the fact, the property being still at her disposal, and the will contained a residuary bequest, the property mentioned as having been settled passes to the residuary legatee." Gardner on Wills, 418; *In re Bagot,* L. R. 3, Ch. Div. (1893), 348. It was said in the case last cited: "One must bear this in mind, that there is a great difference between the view from which one approaches any specific gift and the view from which one approaches a residuary gift for the purposes of construction. In order to ascertain what is given, or whether any particular thing is well given, by a specific gift, you must look to see whether that particular item is included. The question is whether it is included or not; but once given a residuary gift large enough in its language to comprehend residue, the question is, not what is included, but what is excluded; and you must find words sufficiently large, sufficiently definite, sufficiently distinct, to enable you to say that some item is excluded, so that, to use the language of one of the authorities, what hitherto has purported to be the residuary gift is reduced to the level of a specific gift, and ceases to be a residuary gift." The following expression, having the same force and effect as that quoted, was used in *Hosea v. Skinner,* 67 N. Y. Suppl. at p. 529: "The law does not favor a condition of intestacy, and the courts are, therefore, slow to adopt a construction which would lead to any such result in whole or in part. In this case the residuary clause is as broad and sweeping as any such provision well could be, and, under familiar principles, embraces all personal property of which the testator was possessed at the time of his death that had not been elsewhere in his will effectively disposed of." "We should, if possible, give to the language of the testator a construction which will render the instrument operative rather than invalid, and an interpretation that will produce intestacy as to any part of the estate is to be avoided, if possible." *Meeks v. Meeks,* 161 N. Y. at p. 70. "A general residuary clause includes in its gift any property or interest in the will which, for any reason, eventually falls into the general resi-

due. It will include legacies which were originally void, either because the disposition was illegal or because for any other reason it was impossible that it should take effect; and it includes such legacies as may lapse by events subsequent to the making of the will. It operates to transfer to the residuary legatee such portion of his property as the testator has not perfectly disposed of. No one supposes that he has failed in his intention to dispose of all of his property by his will, and the courts should endeavor to make out such an intention and to uphold the testamentary plan, so that the testator may not, as to some of his estate, have died intestate. We think, in the present case, that the testatrix has expressed herself with absolute clearness in making a general residuary disposition of her property, and that it carries with it everything of which she died possessed and which was not otherwise effectually disposed of." *Riker v. Cornwell,* 113 N. Y. at p. 124. It was said in *Floyd v. Carow,* 88 N. Y. at p. 568, that "a general residuary devise carries every real interest, whether known or unknown, immediate or remote, unless it is manifestly excluded. The intention to include is presumed, and an intention to exclude must appear from other parts of the will, or the residuary devisee will take." Gardner on Wills, p. 418, states the same rule.

We must construe this will not by the intention which existed in the mind of the testator, but according to that which is expressed in the will. We should eschew mere conjecture and gather the meaning only from the words. *Smith v. Bell,* 6 Peters (U. S.), 74. The language of this will clearly indicates a purpose to dispose of all the testator's property. The statute of 1844 was enacted for the very reason that under the former rule such an intention would, perhaps, be disappointed, and, therefore, it was broadly conceived and comprehensively worded, and it was intended that the "residue" should include all the estate of the testator which he owned at his death, when the will took effect, including any devise which had lapsed, become void, or otherwise incapable of taking effect. "In order that a beneficiary may take under a will, he must be designated therein, either by name or by description, with such certainty that he can be readily identified, and distinguished from every other person; otherwise the devise or bequest is void for uncertainty." 40 Cyc., 1445. If this be so, then the failure to name a devisee would bring this case fairly within the terms of the statute as to void devises or those incapable of taking effect. The testator doubtless intended to insert the name of a devisee; but having failed to do so, the devise failed or became void and of no effect. *In the matter of Miller,* 161 N. Y., 71, 77; Gardner on Wills, p. 419. The object of the statute and the change from the old law is well stated in Schouler on Wills, sec. 521: "As for a residuary or general devise of real estate, the rule has not corresponded in construction to that of the residuary bequest.

In the first place, the old law permitting a testator to devise only the real estate to which he was actually entitled when the will was made, and none acquired subsequently, it followed that the devise, however general in terms, was in effect specific; or rather it disposed specifically of what was not already expressed to be given by the will. On general principle, the heir at law was favored as much as possible, even to the detriment of a residuary devisee; the heir and not the residuary legatee took the advantage; and, in fact, whether a devise lapsed or was void *ab initio,* the residuary devise did not absorb it. This rule has produced some refinements of construction which are no longer of much consequence; for modern legislation both in England and America puts personal and real estate on substantially the same footing in this respect, treating both lapsed and void devises as accruing *prima facie* to the residuary fund; so that consequently the residuary devisee or legatee shall take the essential benefit unless the will discloses an intent to the contrary. Moreover, in England and our several States after-acquired real estate may pass by a will, and the instrument may speak with reference to all property, real or personal, as of the date when it comes into operation, or, in other words, when the testator dies. Under the statute policy, therefore, which applies to wills made within the last half-century or more, the analogies of legacies and devises fairly harmonize in construction so far as residuary gifts are concerned. The intention to carry lapsed and void devises, as well as estate undisposed of, to the residuary devisee is not to be defeated in construction by expressions like "all other land" or "all land not hereinbefore devised."

The case of *Lea v. Brown,* 56 N. C., 141, cited by defendant, is apparently against the view we have taken, but it was criticised, if not overruled, in *Saunders v. Saunders,* 108 N. C., 327, for the reason that the learned *Chief Justice* had evidently overlooked the statute (Laws 1844, ch. 88; Rev. Code, ch. 119, sec. 8, Revisal, 3142), or because the residuary clause itself may have been so worded as to exclude the idea that the testator intended that it should include the particular property. Nor does the case of *Holton v. Jones,* 133 N. C., 399, apply, as there a contrary intention was clearly expressed in the will.

Our opinion is that the case is governed by the terms of the statute, and the conclusion of the court is therefore sustained.

Affirmed.