MRS. ANNIE ANTHONY BEACH v. MRS. G. C. GLADSTONE, EXECUTRIX.

(Filed 27 February, 1935.)

**Wills F h—**

Judgment that legacy did not lapse by reason of fact that legatee predeceased testator is affirmed, C. S., 4166, it appearing that legatee would have been distributee of testator had she survived him.

APPEAL by defendant from *Devin, J.,* at September Term, 1934, of MARTIN. Affirmed.

F. L. Gladstone, of Martin County, North Carolina, died on 9 December, 1933, leaving a last will and testament, which has been duly probated. The material parts to be considered are: "Item 1. I give to my sister, L. F. Anthony, five thousand dollars in cash, or surety papers. Item 2. I give and bequest to my wife, G. C. Gladstone, the balance of my estate in real or personal of every kind and wherever located or found. . . ."

L. F. Anthony, the sister of the testator, to whom the legacy of five thousand dollars was bequeathed by Item 1, predeceased him, having died on 22 January, 1929. She left surviving her two children and three grandchildren by a deceased daughter, who died 2 April, 1926. Mrs. Annie Anthony Beach, one of the children of Mrs. L. F. Anthony, made demand upon the executrix for the payment to her of a one-third share in the legacy bequeathed to her mother, L. F. Anthony, by F. L. Gladstone in Item 1 of his said will, claiming that said legacy to her mother did not lapse by reason of the death of her mother in the lifetime of the testator, and that she was entitled to receive her share thereof. The executrix refused the demand, claiming that the legacy lapsed and passed to her, the widow of F. L. Gladstone, under Item 2 of his said will. Thereafter, Mrs. Beach instituted this action. Upon the hearing of the cause, a jury trial was waived and it was agreed that the court below should find the facts and render judgment thereon.

The court below rendered the following judgment: "This cause coming on to be heard, and being heard (the parties having waived submission of the cause to the jury and agreed that the court should find the facts and determine the questions presented), and the court finding the facts to be severally set out in the complaint of the plaintiff, and by reference thereto incorporates the several facts therein set out and alleged in this judgment, and it appearing to the court that the legatee, L. F. Anthony, she surviving, would have been among the heirs at law or distributees of F. L. Gladstone had he died intestate, and the court being of the opinion that said legacy did not lapse by reason of the prior death of L. F. Anthony, legatee, and that the plaintiff, Mrs. Annie Anthony Beach, is entitled to recover one-third of the legacy of $5,000,

that Gladstone Anthony is entitled to one-third thereof, and J. B. Harrington, Henry Harrington, Aurelia Harrington, Lula Harrington, and Shirley Harrington, children of Mary Charrity Harrington, deceased daughter of the legatee, L. F. Anthony, are entitled to a per capita division of one-third thereof, it is ordered, adjudged, and decreed that the plaintiff Mrs. Annie Anthony Beach recover of defendant Mrs. G. C. Gladstone, executrix, the sum of $1,666.66, together with the costs of this action. W. A. Devin, Judge Presiding."

The defendant excepted and assigned error as follows: "That the signing of judgment in favor of plaintiff was error in that the devisee, L. F. Anthony, named in section 1 of the will of the late F. L. Gladstone, predeceased him several years. Defendant says that said legacy lapsed by reason of the prior death of the devisee, L. F. Anthony, and that Mrs. G. C. Gladstone, under the construction of the will, is the owner of all the property that the late F. L. Gladstone died seized and possessed of."

*Jos. W. Bailey for plaintiff.*
*Wheeler Martin, Albion Dunn, and B. A. Critcher for defendant.*

PER CURIAM. The defendant in her brief says: "We have been unable to find that this Court has heretofore passed upon the question involved here, and it would seem that it is of first impression. We respectfully submit, however, that, for the reasons assigned, the learned judge who heard the case below committed error in adjudging that the bequest did not lapse, and that judgment should have been entered, adjudging that the bequest passed under the residuary clause in the will, and therefore we insist that the judge below should be reversed."

The Court construed C. S., 4166, in *Farnell v. Dongan, ante,* 611, opinion filed 23 January, 1935. It is there said: "The statute is not ambiguous. The intention of the General Assembly in its enactment is expressed in language which leaves no room for judicial construction. The distinction found in the common law between real and personal property, for purposes of devolution, is recognized and preserved. This appears from the use of the words 'devise' and 'legacy,' 'heir at law' and 'distributee.' Whether this distinction should be abandoned in the law of this State, as having no sound basis under modern social and economic conditions, is a matter for the General Assembly and not this Court to determine."

In construing C. S., 4166, we do not think it should be construed with C. S., 4168. Neither section is ambiguous and they are not interrelated.

The judgment of the court below is
Affirmed.