WACHOVIA BANK & TRUST COMPANY, WILLIAM N. REYNOLDS, JOHN C. WHITAKER and L. D. LONG, Executors and Trustees Under the Will of MRS. KATE G. BITTING REYNOLDS, Deceased, v. BITTING SHELTON, LOUISA SHELTON PEARSON and HARRY McMULLAN, Attorney-General of the STATE OF NORTH CAROLINA.

(Filed 4 June, 1948.)

**1. Descent and Distribution § 3—**

A distributee is a person who takes a share in the surplus estate of an intestate under our statute of distributions. G. S., 28-149.

**2. Same: Descent and Distribution § 5—**

Where a wife dies leaving her surviving a husband but no issue, he is her sole distributee, and her collateral kin are not entitled to share in the estate and are not "distributees." G. S., 28-7; G. S., 28-149 (9).

**3. Same—**

The contention that a surviving husband takes by virtue of the *lex mariti* and not as a distributee of his wife's estate is untenable, since C. S., 7 (G. S., 28-7), and C. S., 137 (G. S., 28-149), must be construed *in pari materia* as separate parts of a single scheme of devolution, and this intent is clarified by the codification of the two sections in the General Statutes as subsections of the same statute.

**4. Descent and Distribution § 3—**

Who would have been distributees of the estate had the testatrix died intestate must be determined as of the date of her death and not as of the date of the execution of her will.

**5. Wills § 42—**

Testatrix left her surviving a husband but no issue. A legatee, a sister of testatrix, predeceased testatrix. *Held:* Since the legatee would not have been a distributee had testatrix died intestate, the legacy lapsed unless the will expresses a contrary intent or such intent can be gathered therefrom construing it from its four corners. G. S., 31-42.

**6. Same—**

Construing the will in suit from its four corners, it *is held* no intent that the legacy to testatrix' sister should not lapse upon the prior death of the sister is apparent, testatrix having made separate provision for her sister's children, and having provided in regard to other legacies for disposition of the property to specified persons in the event the legatee predeceased her, and having provided that the residuary estate should include bequests which should for any reason become inoperative or lapse. G. S., 31-42.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants Bitting Shelton and Louisa Shelton Pearson from *Armstrong, J.,* November Term, 1947, FORSYTH.

Petition for advice and instruction in the settlement of the estate of plaintiffs' testatrix.

Kate G. Bitting Reynolds died testate in the year 1946. She had no children, but left surviving her husband, W. N. Reynolds, and certain collateral kin. In 1934 she executed her last will and testament in which she disposed of a large estate and named many legatees, including her sister Susie Bitting Shelton, to whom she bequeathed $100,000.

At the time the will was executed, Susie Bitting Shelton had three living children, the two defendants and one Don D. Shelton. The testatrix established trusts in the sum of $25,000 each for Bitting Shelton and Don D. Shelton, with provision that if either should die during the lifetime of the testatrix, the principal of his share should be paid to the surviving children, and if there were no survivors at the time of the death of the testatrix, the total of said sum thus given should fall in and become a part of the residue of her estate. She established a trust in the

sum of $50,000 for Louisa Shelton Pearson for life, with remainder to the residuary estate. She also bequeathed to Agnes Shelton, wife of defendant Bitting Shelton, "if she survive me," $10,000.

The will also included the following provision:

"All the Rest, Residue and Remainder of my estate of every nature . . . including also any bequests herein made which shall for any reason fail to take effect or which shall at any time after my death become ineffective or lapse because of deaths or failure of purposes for which intended or for any other reason, I give devise and bequeath:

"To my trustees hereinafter named, in trust . . ." for the uses and persons therein stipulated.

Susie Bitting Shelton died 24 August 1935, leaving surviving three children, Don D. Shelton, who died 9 March 1938 without living issue surviving, and the defendants Bitting Shelton and Louisa Shelton Pearson.

The plaintiffs, as trustees under said will, contend that upon the death of Susie Bitting Shelton prior to the death of the testatrix, the legacy to her lapsed and became a part of the residuary estate as provided in the residuary clause of the will and is therefore payable to them. On the other hand, the defendants contend the legacy did not lapse and should be paid to them as the sole lineal descendants of the legatee. The executors, desiring to discharge their duties according to the true intent of their testatrix, as expressed in her will, pray the court to advise and instruct them as to the proper disposition of said legacy in the final settlement of the estate entrusted to them.

The court below found and concluded (1) that said legacy of $100,000 to Susie Bitting Shelton lapsed "by reason of the death of Susie Bitting Shelton during the lifetime of the testatrix and because the testatrix died without issue and was survived by her husband, William N. Reynolds," and (2) "that no contrary intent does so appear, and that said bequest passes under the residuary clause of said will, being Section Five thereof." It thereupon decreed that (1) said legacy lapsed; (2) defendants Bitting Shelton and Louisa Shelton Pearson "have no right thereto and no title or interest therein"; and (3) the executors pay said sum to the trustees named in the will "to be held and administered by said trustees and their successors in trust as therein provided." Said defendants excepted and appealed.

*Womble, Carlyle, Martin & Sandridge for plaintiff, appellees.*

*Francis C. Brooke, R. M. Weaver, William S. Mitchell, and Hastings & Booe for defendants Bitting Shelton and Louisa Shelton Pearson, appellants.*

BARNHILL, J.   The immediate question for decision is : Who is entitled to the legacy bequeathed to Mrs. Shelton?   The answer thereto, however, is dependent upon (1) whether Mrs. Shelton would have been entitled, as distributee, to a share of Mrs. Reynolds' personal estate had she survived Mrs. Reynolds and in the event Mrs. Reynolds died intestate, and, if not, (2) whether the will of Mrs. Reynolds discloses an intent that in the event the legatee predeceased her the legacy should not lapse but should go to the lineal descendants of the legatee.

These questions arise on the admitted facts, and the answers are to be found in the terms of G. S., 31-42, as interpreted and applied by the Court.   The pertinent provisions of that Act are as follows :

"Unless a contrary intention shall appear by the will . . . any devise in such will contained which shall fail or be void by reason of the death of the devisee in the lifetime of the testator . . . shall be included in the residuary devise (if any) contained in such will; Provided, there shall be no lapse of the . . . legacy by reason of the death of the . . . legatee during the life of the testator, if such . . . legatee would have been . . . (a) distributee of such testator had he died intestate, and if such . . . legatee shall leave issue surviving him; and if there is issue surviving, then the said issue shall have the . . . bequest named in the will."

In his dissent in *Henry v. Henry,* 31 N. C., 278, *Ruffin, C. J.,* paid his respects to the term "distributees" as "a newly invented barbarism, and without any settled sense . . . that, up to this day it has not obtained admission into any American dictionary, though at least one of them has been supposed to have taken in every word which could possibly be tolerated."   Even so, in that very case the Court defined the term to mean "the persons who are entitled under the statute of distributions to the personal estate of one who is dead intestate."   Since that date it has come to be recognized by lexicographers and now has a definite and well-recognized meaning.

A distributee is a person who has the right under the statute of distribution to a share in the surplus estate of an intestate; one entitled to take a share of an estate of a decedent, under the statute of distribution; one to whom something has to be distributed in the division of an estate; a person upon whom personal property devolves by act of law in cases of intestacy.   *Henry v. Henry, supra; Boyd v. Small,* 56 N. C., 39; *Jones v. Myatt,* 153 N. C., 225, 69 S. E., 135; Callaghan, Cyc. Law Dic., 2d Ed.; Webster, New Int. Dic., 2d Ed.; 26 C. J. S., 993.   For other definitions of marked similarity see 13 Words and Phrases, 12, *et seq.*

The determinative criterion is *the right to share in the distribution* of the personal estate of the intestate.

Whatever the rules of devolution at common law may have been, those who take by succession the estate of a person who dies intestate are named and defined in our statute of distribution, G. S., 28-149.

Under this statute, collateral relatives do not share in the distribution of the personal estate of a married woman who dies intestate, leaving husband or child, or both, surviving. If she leaves a husband and a child or children surviving, they share alike in the distribution of the personality. G. S., 28-149 (8). If there is no child, the husband takes the whole personal estate. G. S., 28-7; G. S., 28-149 (9); *Wilson v. Williams,* 215 N. C., 407, 2 S. E. (2d), 19; *McIver v. McKinney,* 184 N. C., 393, 114 S. E., 399; *Wooten v. Wooten,* 123 N. C., 219.

Susie Bitting Shelton, a sister, died during the lifetime of the testatrix. The testatrix died without issue, leaving a husband surviving. Had Mrs. Reynolds died intestate, Mrs. Shelton, if living, would have been possessed of no right to any part of her personal estate. Instead, it would have gone to her husband as her sole distributee. Hence, in no sense would Mrs. Shelton have been a distributee of her estate. *Farnell v. Dongan,* 207 N. C., 611, 178 S. E., 77; *Beach v. Gladstone,* 207 N. C., 876, 178 S. E., 546.

The defendants contend, however, that the husband of a woman who dies intestate without issue surviving is not the distributee of his wife's estate but takes by virtue of the *lex mariti.* Be that as it may, that is not the question here. The rights of defendants depend, in the first instance, upon whether Mrs. Shelton, if living, would have been a distributee of the unbequeathed personal estate of Mrs. Reynolds.

Prior to the 1943 codification of our statutes, the husband of a woman who died intestate without issue is not named in the then prevailing statute of distribution (C. S. 137, now G. S. 28-149) as a distributee of his wife's estate. His rights were defined by C. S. 7 (now G. S. 28-7). Even so, the two sections were separate parts of the same statute and related to the same subject matter—the distribution of the estate of an intestate. They must be construed *in pari materia.* If they are not so construed, then there is a direct and irreconcilable conflict between the terms of the two. Under C. S. 7 (now G. S. 28-7) the husband took all the personal estate of his wife in the event she died intestate. Under C. S. 137 (8), now G. S. 28-149 (8), he shared with the child or children of the deceased.

Considered as separate parts of the whole scheme of devolution, C. S. 7 provided for one eventuality, and C. S. 137, for another. Recognizing this, the Legislature, in 1943, brought C. S. 7 forward and made it subsection 9 of G. S. 28-149. Its meaning and purpose as thus codified is unambiguous. If there was any doubt respecting the intent of the Legislature prior thereto, this rearrangement of these sections makes that intent crystal clear. This was the law at the time Mrs. Reynolds died. Who would have been her distributees had she died intestate is to be ascertained under the law as it existed on that date. Hence, the statute of distribution as codified in G. S. 28-149 is controlling here.

What the law may have been at the time the will was executed is of no moment. *Ferguson v. Ferguson,* 225 N. C., 375, 35 S. E. (2d), 231.

But the fact Mrs. Shelton, if living, would not have been a distributee of the unbequeathed personal estate of Mrs. Reynolds does not, in and of itself, necessarily defeat the rights of defendants.

Under the express language of the statute, G. S. 31-42, if the testatrix, in her will, expressed an intent that the legacy should not lapse in the event the legatee predeceased her, the statutory provision for lapse does not apply. It lapses only in the event no contrary intent is expressed in the will. Such intent, if expressed in the will, is controlling.

This intent need not be stated in exact terms for "it is an axiomatic rule of construction that the intent of the testator, as expressed by him, is to be ascertained from the four corners of the will, *Trust Co. v. Board of National Missions,* 226 N. C., 546, 39 S. E. (2d), 621, and cited cases, and that this intent is the guiding star which must lead to the ascertainment of the meaning and purpose of the language used. *Smith v. Mears,* 218 N. C., 193, 10 S. E. (2d), 659, and cited cases." *Schaeffer v. Haseltine,* 228 N. C., 484.

But a careful examination of the will leads us to the conclusion there is no intent that the legacy to Mrs. Shelton should not lapse, in the event she predeceased the testatrix, expressed in the will. Instead, it would seem that the testatrix intended that, in that event, the legacy should pass to and become a part of her residuary estate as the law provides. *Faison v. Middleton,* 171 N. C., 170, 88 S. E., 141; *Van Winkle v. Missionary Union,* 192 N. C., 131, 133 S. E., 431.

It is quite apparent she acted upon expert advice. She, or her adviser, was well versed in the law of succession. She was disposing of her estate in large measure to kinspeople who would take nothing in the event she died intestate and whose legacies would lapse in the event they predeceased her. She recognized that a lapse would occur in the event the legatee was not living at the time of her death. When she desired the legacy, in case of lapse, to go to others and not to her residuary estate, she so provided. Then she stipulated that lapsed legacies not otherwise guarded against would accrue to and become a part of her residuary estate. Thus she left nothing to conjecture, but instead provided for every possible eventuality.

She did not make the gift to Mrs. Shelton as a representative of one line of collateral relatives. She made provision for her children. She knew she could provide against lapse, but she made no such provision with respect to the gift to Mrs. Shelton. Instead, we find language which clearly indicates that she intended it to pass to her residuary estate in the event Mrs. Shelton predeceased her. The gift was personal.

As Mrs. Shelton, if living, would not have been a distributee of Mrs. Reynolds' estate had she died intestate, and as no intent that the legacy should not lapse is expressed in the will, the court below correctly concluded that the defendants take nothing under subsection 5 of Section One of the will.

In presenting the contrary view, defendants have filed an interesting brief. Their argument is astucious but not convincing. The judgment below must be

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.