*197
MEMORANDUM JUDGMENT

This declaratory judgment action came on before the Court at a specially set session of Court on August 30, 2012 on cross motions for summary judgment pursuant to N.C. R. Civ. P. 56. The Estate and heirs are represented by W. Scott Jones, Esquire and Frederick S. Barbour, Esquire. The Tribe is represented by Annette Tarnawsky, Esquire, the Attorney General of the Eastern Band of Cherokee Indians (EBCI or Tribe). The Court has *198 reviewed the file, the Affidavit of Elizabeth Jo Poscich and the materials submitted by counsel at the hearing. The matter is now ready for a ruling.
STANDARD OF REVIEW
Pursuant to Rule 56(c) of the North Carolina Rules of Civil Procedure, a movant is entitled to summary judgment if there is no genuine issue as to any material fact, and the movant is entitled to a judgment as a matter of law. For the purposes of summary judgment, “material fact” means a fact that “would constitute or would irrevocably establish any material element of a claim or defense.” Bernick v. Jurden, 306 N.C. 435, 440, 293 S.E.2d 405, 409 (1982) (quoting City of Thomasville v. Lease-Afex, Inc., 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980)). Evidence properly considered by the Court on a motion for summary judgment includes “admissions in pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file ... affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken.” Epps v. Duke University, Inc., 122 N.C.App. 198, 202, 468 S.E.2d 846, 849-850, disc, review denied, 344 N.C. 436, 476 S.E.2d 115 (1996) (Citing Kessing v. National Mortgage Corp., 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971)). Any evidence presented should be “viewed in the light most favorable to the non-mov-ant, giving it the benefit of all inferences which reasonably arise therefrom.” Id. To overcome a motion for summary judgment, the non-moving party must “then ‘produce a forecast of evidence demonstrating that the [non-moving party] will be able to make out at least a prima facie case at trial.’” Creech v. Melnik, 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998) (quoting Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (Martin, J.)).
The parties stipulate that the law of the state of North Carolina applies in the construction of the Last Will and Testament in this case pursuant to C.C. § 28-1. However, because the issues in this case involve Tribal trust land, the Court notes that C.C. § 47-3(a) reserves to the EBCI “[t]he power and responsibility to control ... the manner and method of inheritance and devise of the possessory holding.” Thus, in a declaratory judgment act involving the construction of a will involving a possessory holding, the Court’s decision only declares what the rights of the parties are under the will. The vesting of property interests is reserved to the political branches of Tribal government.
DISCUSSION
As opposed to Federal Courts under the Federal Rules of Civil Procedure, the Court, pursuant to N.C. Civ. P. 56, does not make findings of fact or conclusions of law. See, e.g. Moore v. Galloway, 35 N.C.App. 394, 396-97, 241 S.E.2d 386, 387 (1978); Biello v. EBCI, 3 Cher.Rep. 47, 2003 WL 25902441 (2003). Nevertheless, in light of the various tests the Court must employ within the rubric of Rule 56 and inasmuch as this case raises several issues, which, although long settled in North Carolina, are of first impression in this jurisdiction and therefore may be of interest to both bench and bar, some discussion is warranted.
The parties stipulate to almost all of the relevant facts. Gladys Wright was an enrolled member of the EBCI. Ms. Wright died in September, 2009. At the time of her death, Ms. Wright held a possessory interest in Tribal trust land, Cherokee County tract 35 (tract 35). Ms. Wright’s four children are not enrolled members of the EBCI, but rather are first lineal descendents, who are children of an enrolled *199 member, but who do not have sufficient blood quanta to be enrolled themselves. See EBCI v. Lambert, 3 Cher.Rep. 62, 2003 WL 26902446 (2003). Ms. Wright executed a valid Last Will and Testament in 2003.
The parties’ dispute centers around the meaning of Item II of Ms. Wright’s Last Will and Testament which reads in its entirety as follows:
ITEM II: All property which I own, or of which I may have the right to dispose of at the time of my death, both real and personal, I give, devise and bequeath to my children, Henry L. Wright, Jr., K. Susan Jasper, William Edward Wright and Elizabeth Jo Poscich, equally and in fee simple.
The EBCI contends that this language is insufficient to suffice as a valid devise of tract 35. In particular, the Tribe argues that the language at the conclusion of Item II, “in fee simple[,]” supports a conclusion that the Testator did not contemplate a devise of tract 35 in Item II, as she could not pass a fee simple interest in Tribal trust land to her heirs. The Plaintiffs argue that the Last Will and Testament is clear on its face that all of the Testator’s property was to pass.
Additionally, the parties agree that a document signed by Ms. Wright in 2007 was not a valid last will and testament. Nevertheless, each of them urges the Court to consider it in support of their various positions. Finally, the Plaintiffs argue that the EBCI’s interpretation of Ms. Wright’s Last Will and Testament violates the Charter and Governing Document.
Judgment is sought pursuant to N.C. R. Civ. P. 56 which necessitates a full review of the pleadings, including the Will. To determine the answers to these issues, the Court must begin with the four corners of the Will.
The Court has a duty to render a will operative and to give effect to the Testator’s intent if a reasonable interpretation can be given which is not in contravention of some established rule of law. Stephenson v. Rowe, 315 N.C. 330, 338 S.E.2d 301 (1986). It is well settled that:
If a will is sufficiently distinct and plain in its meaning as to enable the court to say that a particular person is to take, and that a particular thing passes, that is sufficient; and it must be construed upon its face without resorting to extraneous methods of explanation to give it point.
Holland v. Smith, 224 N.C. 255, 259, 29 S.E.2d 888, 891 (1944).
The dispositive issue when construing a will is the expression of the words in it and not the attempt to divine the mind of the testator. Faison v. Middleton, 171 N.C. 170, 174, 88 S.E. 141, 143 (1916). To that end, every word and clause in a will must be presumed to have some meaning and if possible be given an effect. Kale v. Forrest, 278 N.C. 1, 178 S.E.2d 622 (1971). The Court is guided by the presumption that “one who makes a will is of disposing mind and memory and does not intend to die intestate as to any part of his property.” Wing v. Trust Co., 301 N.C. 456, 463, 272 S.E.2d 90, 95 (1980); McKinney v. Mosteller, 321 N.C. 730, 365 S.E.2d 612 (1988).
The North Carolina Supreme Court has held that the presumption against intestacy is strengthened by the presence of a residuary clause in a will. Gordon v. Ehringhaus, 190 N.C. 147, 129 S.E. 187 (1925). A residuary clause is “a testamentary clause that disposes of any estate property remaining after the satisfaction of all other gifts.” Black’s Law Dictionary, 9th Ed. 1424. The residuary estate is: “[t]he part of a decedent’s es *200 tate remaining after payment of all debts, expenses, statutory claims, taxes, and testamentary gifts (special, general, and demonstrative) have been made.” Id. at 629. Therefore, Item II of Ms. Wright’s Last Will and Testament is a residuary clause which disposes her residuary estate.
Generally, residuary clauses should be construed to prevent a partial intestacy, unless there is apparent intention of the testator to the contrary. Faison, 171 N.C. at 172, 88 S.E. at 142 (1916). When necessary, the Court may even transpose words and phrases to preserve the intent of the testator. Gordon v. Ehringhaus, 190 N.C. 147, 150, 129 S.E. 187, 189 (1925).
However, the residuary clause in a will should be construed to prevent a partial intestacy only when there is no apparent intent to the contrary, plainly and unequivocally expressed in the will. See Betts v. Parrish, 312 N.C. 47, 320 S.E.2d 662 (1984) (citing Faison, 171 N.C. 170, 88 S.E. 141 (1916)). Thus, this presumption against partial intestacy must yield only when outweighed by manifest and unequivocal intent. Hammer v. Hammer, 179 N.C.App. 408, 412, 633 S.E.2d 878, 882 (2006) (citing McKinney, 321 N.C. at 734, 365 S.E.2d at 615) (emphasis added).
The EBCI argues that the Last Will and Testament should be construed so that Ms. Wright died partially intestate, at least with respect to tract 35 because she could not devise a fee interest in Tribal trust land. While it is true that Mrs. Wright could not devise a fee interest in tract 35, it is also true that she could not even devise the full possessory interest she owned in tract 35 to these non-Indian heirs. Pursuant to C.C. § 28-2 a valid written will only suffices to pass a diminished or restricted possessory interest to a first lineal descendent. Although Ms. Wright could not convey her ownership interest in tract 35 to her first lineal descendents, she had an unmistakable right to dispose of an interest in it to these heirs. Since Ms. Wright could not devise a fee interest in tract 35, the language “in fee simple” does not apply to this devise.
Instead the operative language is “[a]ll property which I own, or of which I may have the right to dispose of at the time of my death, both real and personal.... ” “The words ‘all my property,’ unless they are explained by other words in the will to have a different meaning, embrace every subject of property and every interest therein which belonged to the testator.” Harrel v. Hoskins, 19 N.C. 479, 482 (1839). Similarly, “all my property of every description” and “everything I possess” demonstrate a valid intention to convey everything the testators had a right to dispose. Hurdle v. Outlaw, 55 N.C. 75, 78 (1854); Ferguson v. Ferguson, 225 N.C. 375, 377-78, 35 S.E.2d 231, 232-33 (1945).
Applying these principles to the case at bar, it is clear that Ms. Wright’s Last Will and Testament operates to dispose of all of her property interests, including tract 35. The Tribe’s argument fails to overcome the general presumption against intestacy in the presence of a concededly valid will, particularly one with a residuary clause. There is no genuine issue as to any material fact and thus the Plaintiffs are entitled to judgment as a matter of law.
Inasmuch as the intent of the Testator is clear from the Last Will and Testament, it is not necessary for the Court to resort to extraneous documents like the paper writing signed by Ms. Wright in 2007. Similarly, since the Court can determine the relevant issues from the four corners of the Last Will and Testament, it is not necessary for the Court to address the *201 Plaintiffs’ arguments that the contentions of the Tribe are impermissibly inconsistent with the Charter and Governing Document.
ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:
1. The Plaintiffs’ Motion for Summary Judgment is GRANTED.
2. The Defendant’s Motion for Summary Judgment is DENIED.
3. The 2003 Last Will and Testament of Gladys A. Wright is a valid will.
4. Subject to the restrictions or dimin-ishments contained in C.C. § 28-2, the 2003 Last Will and Testament of Gladys A. Wright validly devised Ms. Wright’s property interests in Cherokee County tract 35 to Henry L. Wright, Jr., K. Susan Jasper, William Edward Wright and Elizabeth Jo Poscich, equally.
/s/ J. Matthew Martin J. MATTHEW MARTIN, CHEROKEE COURT JUDGE