McKinney v. Mosteller

NEIL WILSON McKINNEY, Executor of the Estate of GORDON HENRY BAK-
    ER v. NITA MOSTELLER, CHARLES MOSTELLER, HARRY INGOLD, ED-
    WARD BAKER INGOLD, NELLIE KATE INGOLD HARDIN, JOE R.
    HILTON, MISS RUBY HILTON, RACHEL WILLIS TROXLER, JOHN DA-
    VID WILLIS, EUGENE BAKER WILLIS, LORETZ L. RAMSEUR, HELEN
    RAMSEUR MARLEY, TAMMIE LEIGH McKINNEY, CASSIDY DALE
    HAMPTON, a Minor; CHAD ELLIOTT HAMPTON, a Minor; ANDREW
    NEIL McKINNEY, a Minor; JAMES ALDRIN McKINNEY, a Minor

No. 303PA87

(Filed 9 March 1988)

**Wills §§ 32.1, 52— residuary estate — survival of wife as condition precedent — no
gift by implication**
    Where testator's will provided for his wife for her life, the residuary
    clause provided that, if testator's wife survived him, the residue of the estate
    would provide a trust for the lifetime of his wife with the remainder to pass to
    named beneficiaries not related to him, the will failed to provide for the distri-
    bution of testator's residuary estate in the event his wife predeceased him,
    and the wife in fact did predecease testator, the residuary clause was ineffec-
    tive because the condition precedent was not met, and the residue of testator's
    estate did not pass under the will to the residuary beneficiaries by implication
    but passed to the heirs at law in accordance with the laws of intestacy.

ON grant of a petition by the collateral heirs of Gordon
Henry Baker, pursuant to N.C.G.S. § 7A-31, for discretionary re-
view of a decision of the Court of Appeals, 85 N.C. App. 429, 355
S.E. 2d 164 (1987), reversing declaratory judgment entered by
*Lewis, J.,* at the 14 April 1986 Civil Session of Superior Court,
CATAWBA County. Heard in the Supreme Court 7 December 1987.

*Essex, Richards & Morris, P.A., by Stephen H. Morris, for
Helen Ramseur Marley, defendant-appellant.*

*Joe P. Whitener for Nita Mosteller, Charles Mosteller, Harry
Ingold, Edward Baker Ingold, Nellie Kate Ingold Hardin, Joe R.
Hilton and Ruby Hilton, defendant-appellants.*

*Charles E. Brooks for Eugene Baker Willis, defendant-
appellant.*

*Sigmon, Clark & Mackie, P.A., by E. Fielding Clark, II, for
Tammie Leigh McKinney, Cassidy Dale Hampton, a Minor; Chad
Elliott Hampton, a Minor; Andrew Neil McKinney, a Minor; and
James Aldrin McKinney, a Minor, defendant-appellees.*

FRYE, Justice.

Plaintiff, as executor of the estate, instituted this declaratory judgment action seeking an interpretation and construction of the will of Gordon Henry Baker. The trial court found that Item Five of the testator's will, which purported to distribute the residue of the estate, was ineffective because its condition precedent was not satisfied. The Court of Appeals reversed the trial court, holding that the residue of the testator's estate passed under the will by implication. We allowed the collateral heirs' petition for discretionary review and now reverse the decision of the Court of Appeals.

Gordon Henry Baker died 16 November 1984, leaving a will dated 16 September 1983. He was predeceased by his spouse and children and left no lineal descendants. Between 1970 and the date of his last will, the testator executed four wills and one codicil. In all of these instruments, he followed a testamentary scheme of providing for his wife for her life, his son for his life, with the final testamentary disposition of his estate to institutions or individuals not related to him.

The probated will of the testator reads in pertinent part:

### ITEM FOUR

If my wife, Ione Harris Baker, does not survive me, then, and in that event, I will, devise and bequeath the 32.14 acre tract of land hereinafter described and also the approximately ten (10) acres of land hereinafter described, unto Neil Wilson McKinney and his wife, Loretta Boone McKinney, absolutely and in fee simple . . . .

### ITEM FIVE

*If my said wife, Ione Harris Baker, survives me,* then and in that event, I direct that . . . my Executor shall deliver and convey all the rest and remainder of my aforesaid estate . . . to Neil Wilson McKinney, in Trust, for the use and purposes hereinafter set forth, and I direct that such remainder of my residuary estate hereinafter referred to as my Trust Estate so passing to my Trustee, shall be administered and disposed of upon the following terms and provisions . . . . (emphasis added).

McKinney v. Mosteller

Testator then provided for a trust for the lifetime of his wife with the remainder to go one-half to the McKinneys and one-half to the McKinney and Hampton children, appellees in this action.

The only question presented on this appeal is whether the residue of testator's estate as described in Item Five passes under his will or by intestate succession.

An examination of the testator's will shows that he failed to provide for the distribution of his residuary estate in the event his wife predeceased him. This in fact occurred, as Mrs. Baker died several months after the will's execution, during the lifetime of her husband. Item Five of his will, which purports to distribute the residue of testator's estate, has an expressed condition precedent. It is only effective upon a contingency that testator's wife survive him. Mr. Baker did not change his will after his wife's death so as to provide for this contingency as it related to the residuary estate.

Mr. Baker's will provided, *inter alia,* that if his wife did not survive him, Mr. and Mrs. McKinney would receive two tracts of land "absolutely and in fee simple." The residuary clause provided that if his wife survived him, the "rest and remainder" of his estate, left after providing for Mrs. Baker, would pass "one-half to the McKinneys and one-half to the Hampton and McKinney children in five equal portions." The residuary legatees argue that Mr. Baker intended, through this residuary clause, to dispose of all of his remaining property, so that none would pass by intestacy to his heirs at law; that the disposition of the residue was without regard to whether Mrs. Baker died before or after the testator. We cannot discern this from the plain language used in testator's will, which distributes the residue only if "my said wife . . . survives me."

It is true that in searching a will to determine the testator's intent, courts are to be guided by the presumption that "one who makes a will is of disposing mind and memory and does not intend to die intestate as to any part of his property." *Wing v. Trust Co.,* 301 N.C. 456, 463, 272 S.E. 2d 90, 95 (1980). Moreover, this Court has held that the presumption against intestacy is strengthened by the presence of a residuary clause in a will. *Gordon v. Ehringhaus,* 190 N.C. 147, 129 S.E. 187 (1925). However, a residuary clause in a will should be construed so as to prevent in-

testacy as to part of the testator's estate only when there is no apparent intent to the contrary, plainly and unequivocally expressed in the will. *See Betts v. Parrish*, 312 N.C. 47, 320 S.E. 2d 662 (1984) (citing *Faison v. Middleton*, 171 N.C. 170, 88 S.E. 141 (1916) ). The condition precedent in Item Five demonstrates a contrary intention and militates against such a presumption when the condition precedent has not been met.

The named beneficiaries argue further that the testator's intent can be ascertained from the will and that it should be given effect by implying a gift. The Court of Appeals, relying on this Court's decision in *Wing v. Trust Co.*, 301 N.C. 456, 272 S.E. 2d 90, agreed. However, in *Betts v. Parrish*, 312 N.C. 47, 320 S.E. 2d 662, we declined to imply a gift under circumstances similar to the instant case. In *Betts*, the residuary clause of the testator's will was prefaced with the sentence "[i]f my mother and my wife should both predecease me, then I will, devise and bequeath all of my property . . . as follows . . . ." There, we held that the residuary legatee should take all of the testator's property only if the testator's mother and wife *both* predeceased the testator. This in fact did not happen. Only the wife predeceased the testator. We concluded that the residuary legatees did not take any interest under this provision of the will since the condition precedent, the prior death of the testator's mother and wife, was not satisfied.

In *Betts* and in the case *sub judice*, a lapsed devise occurred when the beneficiary died prior to the death of the testator. Because a condition precedent in the residuary clause was not satisfied, we held that the residue in *Betts* must pass by intestate succession. *Wing*, on the other hand, in which this Court approved a gift by implication, involved the question of the ultimate distribution of the corpus of a testamentary trust after the death of the income beneficiaries, unfettered by any question of a lapsed devise. That situation merely required that the Court allow for the distribution of assets unaccounted for in the estate, not that an expressed condition precedent be ignored. Thus, for the same reasons that *Wing* was inapplicable in *Betts*, it is inapplicable under the facts *sub judice*. *See Betts v. Parrish*, 312 N.C. 47, 320 S.E. 2d 662.

We reaffirm our holding that a gift by implication is not favored in the law and cannot rest upon mere conjecture. The in-

ference of such an implied gift must rest upon cogent reasoning and "cannot be indulged merely to avoid intestacy." *Wing v. Trust Co.*, 301 N.C. 456, 272 S.E. 2d 90 (quoting *Burney v. Holloway*, 225 N.C. 633, 637, 36 S.E. 2d 5, 8 (1945)).

The residuary beneficiaries argue strongly that it is clear that they were to be the secondary object of testator's bounty. Even assuming that extrinsic evidence supports that contention, we are commanded to gather the intent of the testator from the four corners of his will, and such intent should be given effect unless contrary to some rule of law or at variance with public policy. *McCain v. Womble*, 265 N.C. 640, 144 S.E. 2d 857 (1965). The effect that we give to testator's will is neither offensive to public policy nor contrary to any rule of law. As gleaned from the will itself, the intent of the testator is manifest and unequivocal, that is, the residue is to pass to the named beneficiaries under the residuary clause of the will only if testator's wife survives him. She did not. Therefore, the residue passes to the heirs at law in accordance with the laws of intestacy as enacted by the legislature. *See* N.C.G.S. §§ 29-8 and 29-15 (1984).

The presumption against partial intestacy is merely a rule of construction and cannot have the effect of transferring property in the face of contrary provisions in the will. The presumption must yield when outweighed by manifest and unequivocal intent. *Little v. Trust Co.*, 252 N.C. 229, 113 S.E. 2d 689 (1960).

For the foregoing reasons, the Court of Appeals erred in reversing the trial court's declaratory judgment. The decision of the Court of Appeals is reversed and the cause remanded to the Court of Appeals for further remand to the trial court to reinstate its judgment.

Reversed and remanded.