NORTH CAROLINA NATIONAL BANK OF GREENSBORO, NORTH CAROLINA, EXECUTOR OF THE ESTATE OF ANNA M. KREIMEIER, PLAINTIFF-APPELLEE v. MS. JEAN APPLE AND MRS. PATRICIA (APPLE) CREWS, DEFENDANTS-APPELLEES, AND THE ESTATE OF LILLIAN P. BRENNAN, DECEASED, AND WILLIAM R. BRENNAN, DEFENDANTS-APPELLANTS

No. 8818DC1333

(Filed 19 September 1989)

1. **Wills § 28.6 — ambiguous language — survivor — construction of**
    Language in a will leaving all of the testator's property to her two adopted daughters and three grandchildren in stated percentages, "with the part of any deceased daughter or grandchild to go to the survivor in the percentage indicated," was construed to mean that, upon the death of one named beneficiary, each surviving beneficiary would take her share in the percentage indicated. Since the percentages will not add up to 100% on this or any reading of the will, partial intestacy is avoided by multiplying the percentage assigned to each surviving named

beneficiary by the ratio of the whole estate to that which has been apportioned.

2. **Wills § 66.1— anti-lapse clause—residuary clause—deceased beneficiary**

A provision in a will which disposed of "all . . . property . . . not required to carry out the provisions hereinabove" was a residuary clause and, under the anti-lapse statute, N.C.G.S. 31-42(c), the share of the testator's deceased daughter would pass to all other named beneficiaries. Since each beneficiary is a beneficiary according to the percentage assigned to them in the will, each would take the deceased daughter's share according to the percentage assigned, yielding the identical result determined by the court in upholding the will.

APPEAL by defendants, the Estate of Lillian P. Brennan and William R. Brennan, from *Daisy (William L.), Judge.* Judgment entered 3 October 1988 in District Court, GUILFORD County. Heard in the Court of Appeals 7 June 1989.

Anna M. Kreimeier died testate on 10 November 1987. She named plaintiff as executor of the will. Her will contained the following provision:

All of my property, both real and personal, not required to carry out the provisions hereinabove, I will, devise and bequeath to my two adopted daughters and three grandchildren in the following percentages, the part of any deceased daughter or grandchild to go to the survivor in the percentage indicated.

| Names | Percentages |
|---|---|
| Mrs. Lillian Brennan | 35% |
| Mrs. Elizabeth P. Apple | 35% |
| Jean Apple | 10% |
| Patricia Apple | 10% |
| William R. Brennan | 10% |

Lillian Brennan and Elizabeth Apple were the testator's adopted daughters. Jean Apple, Patricia Apple and William Brennan are the testator's grandchildren. Elizabeth Apple predeceased the testator and was survived by her children Patricia and Jean Apple.

On 18 December 1987 plaintiff filed a complaint seeking declaratory judgment on the interpretation of the above-cited pro-

vision. Specifically, plaintiff asked the court to determine who the testator meant to be a "survivor" and whether she meant the surviving issue of a named beneficiary, or a surviving named beneficiary.

Lillian Brennan died after the filing of plaintiff's complaint and the court granted a motion to substitute her husband/estate administrator as a party in this action.

After a hearing, the court concluded that the term "survivor" was ambiguous and that it was unable to determine the testator's intent. Therefore, the court applied the anti-lapse statute, G.S. 31-42(a), and ordered that Elizabeth Apple's 35% share should go to her surviving daughters Jean and Patricia Apple.

Defendants, the Estate of Lillian Brennan, William Brennan executor, appeal, alleging that the intent of the word "survivor" clearly represents all surviving named beneficiaries, and that the court should not have applied the anti-lapse statute.

*Booth, Harrington, Johns and Campbell, by A. Frank Johns, for plaintiff-appellee North Carolina National Bank of Greensboro.*

*James W. Lung for defendant-appellees Ms. Jean Apple and Mrs. Patricia (Apple) Crews.*

*Rivenbark, Kirkman, Alspaugh & Moore, by Douglas E. Moore and John W. Kirkman, Jr., for William R. Brennan.*

LEWIS, Judge.

[1] In construing wills there is a general presumption against intestacy. *McKinney v. Mosteller*, 85 N.C. App. 429, 365 S.E.2d 612 (1987), *rev'd on other grounds*, 321 N.C. 730, 365 S.E.2d 612 (1988). A residuary clause in a will should be construed so as to prevent intestacy as to any part of the testator's estate, unless there is an apparent intent to the contrary. *Id. Citing Faison v. Middleton*, 171 N.C. 170, 88 S.E. 141 (1916). The court has a duty to render a will operative and to give effect to testator's intent if reasonable interpretation can be given which is not in contravention of some established rule of law. *Stephenson v. Rowe*, 315 N.C. 330, 338 S.E.2d 301 (1986).

Guided by the court's duty to render the will operative and the presumption against intestacy in whole or in part, we turn to the language of the will to ascertain the testator's intent. *Moore*

*v. Hunter*, 46 N.C. App. 449, 265 S.E.2d 884 (1980). The testator writes that "the part of any deceased daughter or grandchild [is] to go to the survivor in the percentage indicated." The question before us is whether "survivor" signifies the predeceased daughter's surviving issue alone or all those named beneficiaries who survived the testator, including Mrs. Brennan. To interpret the word "survivor" we look at the clause which follows: "in the percentage indicated." Had the testator intended for "survivor" to mean the issue surviving a deceased daughter, the phrase "in the percentage indicated," would be wholly redundant and superfluous. In that the testator had already written that "the part of any deceased daughter or grandchild" would go to the survivor, the phrase "in the percentage indicated" has meaning only if that "percentage" is different from the "part" of the deceased beneficiary. In other words, had the testator meant "survivor" to signify the issue of that beneficiary, then she could have left out the final clause and ended the sentence after the word "survivor." The sentence then would have read, ". . . the part of any deceased daughter or grandchild [is] to go to the survivor."

Every word and clause in a will must be presumed to have some meaning and if possible be given an effect. *Kale v. Forrest*, 278 N.C. 1, 178 S.E.2d 622 (1971). The final clause, "in the percentage indicated" adds meaning to the sentence only if the "percentage[s]" referred to are those assigned to the other named beneficiaries, according to which they will divide that part of the estate originally intended for the deceased beneficiary. To read this final clause otherwise is to remove the due effect of those words. Since all heirs named in the will had percentages assigned, all are survivors.

We conclude that the testator intended that upon the death of one named beneficiary, each surviving named beneficiary should take her share, "in the percentage indicated." The trial judge stated that on this or any reading of the will, the percentages will not add up to 100%. Following, once again, the presumption against partial intestacy, we conclude that the will can be read to avoid partial intestacy by multiplying the percentage assigned to each surviving named beneficiary by 100/65, the ratio of the whole estate to that which has been apportioned. This method yields the following results:

| Mrs. Lillian Brennan | 53.84615% |
| Jean Apple | 15.38462% |
| Patricia Apple | 15.38462% |
| William R. Brennan | 15.38462% |

This method accounts for the whole estate by apportioning the predeceased daughter's share to each surviving named beneficiary according to the "percentage indicated" in the residuary clause.

This will can be given a reasonable construction so to uphold it and avoid partial intestacy. *Stephenson v. Rowe, supra.* We conclude that the term "survivor" signifies those named beneficiaries who survived the testator.

[2] We have therefore concluded that the language of the will can be upheld to avoid intestacy. We add, however, that were this not the case and had this provision of the will been deemed fatally ambiguous, correct application of the anti-lapse statute would have yielded the same result. While the trial judge apparently applied G.S. 31-42(a) in assigning Elizabeth Apple's share to Elizabeth's children, G.S. 31-42(c)(2) states that where a residuary devise is void or revoked, "such devise or legacy shall continue as a part of the residue and shall pass to other residuary devisee or legatee. . . ." The provision of the will in question is a "residuary devise" because it disposes "all . . . property . . . not required to carry out the provisions hereinabove," and therefore accounts for all property which has not otherwise been disposed. *Faison v. Middleton*, 171 N.C. 170, 88 S.E. 141 (1916). Elizabeth Apple's share would, according to G.S. 31-42(c), pass on to all other "named beneficiaries." *Bear v. Bear*, 3 N.C. App. 498, 165 S.E.2d 518 (1969). In that each beneficiary is a beneficiary according to the percentage assigned to them in the will, each would then take Elizabeth Apple's share according to the percentage assigned, yielding the identical result we have determined in upholding the will.

Vacated and remanded for judgment in accordance with this opinion.

Judges BECTON and PHILLIPS concur.