MICHAEL A. COLOMBO, Administrator CTA of the Estate of HAZEL PILAND STEVENSON, Deceased, Plaintiff v. GEORGE M. STEVENSON, III, HAZEL S. BRANCH, HOWELL W. BRANCH, BETSY BRANCH LEWIS, WESLEY STEVENSON BRANCH AND SUSAN STEVENSON, Defendants

No. COA01-745

(Filed 7 May 2002)

### Wills— lapsed devises—residuary estate—anti-lapse statute

The trial court erred by ruling that the anti-lapse statute then in effect applied to the legacies and devises of a will where the testatrix granted specific legacies and devises to certain family members without stating what was to occur should any family member predecease her, then, in a subsequent Article, provided that her residuary estate was to include all lapsed legacies and devises. The inclusion of this language indicates that the testatrix contemplated that the legacies and devises granted in previous Articles could lapse and clearly indicates her intention that lapsed legacies were to become part of her residuary estate. N.C.G.S. § 31-42(a).

Appeal by defendants Hazel S. Branch, Howell W. Branch, Betsy Branch Lewis and Wesley Stevenson Branch from judgment entered 12 March 2001 by Judge Clifton W. Everett, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 13 March 2002.

*Alexander Ralston, Speckhard & Speckhard, L.L.P., by Donald K. Speckhard for defendants-appellants Hazel S. Branch, Howell W. Branch, Betsy Branch Lewis and Wesley Stevenson Branch.*

*Gaylord, McNally, Strickland, Snyder & Holscher, L.L.P., by Danny D. McNally and Emma Stallings Holscher, for defendants-appellees George M. Stevenson, III and Susan Stevenson.*

WALKER, Judge.

Defendants Hazel S. Branch, Howell W. Branch, Betsy Branch Lewis and Wesley Stevenson Branch (appellants) appeal from a judgment ordering that the legacies and devises granted to George M. Stevenson, Jr. (George Jr.) under the Will of Hazel Piland Stevenson (testatrix) pass to George M. Stevenson, III (George III). The testatrix died on 24 January 2000 and was predeceased by her only son, George Jr., who died on 29 November 1999. The sole issue with this appeal is

whether the trial court erred in determining that N.C. Gen. Stat. § 31-42 (anti-lapse statute) applied to the legacies and devises granted to George Jr. under the Will, thereby allowing George Jr.'s issue, George III, to take in his place.

The pertinent provisions of the Will are as follows:

### ARTICLE III

I bequeath all my personal effects, household furnishings and other tangible personal property not otherwise disposed of too [sic] my son, GEORGE M. STEVENSON, JR., to be distributed as he, in his sole discretion, shall determine.

### ARTICLE IV

I devise and bequeath the following described items of property to the following named beneficiaries:

A. To my daughter, HAZEL S. BRANCH, and my son-in-law, HOWELL W. BRANCH, the sum of $10,000.00 as a token of my appreciation and love for them.

B. To my son, GEORGE M. STEVENSON, JR., all of the cash I have remaining after the above specific requests and all death taxes and expenses are paid.

C. To my son, GEORGE M. STEVENSON, JR., and my grandson, GEORGE M. STEVENSON, III, in equal shares, all of the stocks and bonds and other securities which I own at the time of my death. This bequest is made to my son and grandson in consideration of their expenditures of time and money for my well-being and comfort.

D. To my son, GEORGE M. STEVENSON, JR., all of my farm equipment and machinery.

E. To my son, GEORGE M. STEVENSON, JR., all of my interest in the Dickerson-Baker farm in Martin County, North Carolina, in fee simple.

F. To my daughter, HAZEL S. BRANCH, for her lifetime only, all of my interest in the Johnson Farm in Martin County, North Carolina, and remainder to my granddaughter, BETSY BRANCH LEWIS, in fee simple.

G. To my daughter, HAZEL S. BRANCH, for her lifetime only, all my interest in the Adams Farm in Halifax County, North Carolina,

and remainder to my grandson, WESLEY STEVENSON BRANCH, in fee simple. For a period of one (1) year following the date of my death, I direct that my son, GEORGE M. STEVENSON, JR., shall have the right to keep and maintain any livestock, electric fences and farming equipment in the same manner as existing at the time of my death . . . .

ARTICLE V

All of the residue of the property which I may own at the time of my death, real or personal, tangible and intangible, of whatsoever nature and wheresoever situated, including all property which I may acquire or become entitled to after the execution of this will, including all lapsed legacies and devises, or other gifts made by this will which fail for any reason, I bequeath and devise in fee to my son, GEORGE M. STEVENSON, JR., and to my daughter, HAZEL S. BRANCH, in equal shares.

Appellants maintain that the language used in Article V of the Will clearly indicates the testatrix's intention that any legacy or devise which lapsed was to become a part of her residuary estate; therefore, the trial court erred in concluding the anti-lapse statute applied to the legacies and devises granted to George Jr. Our State's anti-lapse statute provides as follows:

Unless the will indicates a contrary intent, if a devisee predeceases the testator, whether before or after the execution of the will, and if the devisee is a grandparent of or a descendant of a grandparent of the testator, then the issue of the predeceased devisee shall take in place of the deceased devisee.

N.C. Gen. Stat. § 31-42(a) (1999).[1]

Our courts have consistently recognized a duty "to render a will operative and to give effect to [a] testator's intent if reasonable interpretation can be given which is not in contravention of some established rule of law." *NCNB v. Apple*, 95 N.C. App. 606, 608, 383 S.E.2d 438, 440 (1989); *see also Stephenson v. Rowe*, 315 N.C. 330, 335, 338 S.E.2d 301, 304 (1986) (where a testator's intent is clearly expressed in plain and unambiguous language "the will is to be given effect according to its obvious intent"). *Watson v. Smoker*, 138 N.C. App. 158, 160, 530 S.E.2d 344, 346, *disc. rev. denied*, 352 N.C. 363, 544

---

1. We are cognizant of the fact that N.C. Gen. Stat. § 31-42(a) was amended effective 17 May 2001. However, since the testatrix died on 24 January 2000, the version in effect on that date applies to the disposition of her estate.

S.E.2d 560 (2000) (*quoting Price v. Price,* 11 N.C. App. 657, 660, 182 S.E.2d 217, 219 (1971)).

Based on these principles, this Court has held "[a] testator who desires to prevent lapse must express such intent or provide for substitution of another devisee in language sufficiently clear to indicate what person or persons testator intended to substitute for the legatee dying in his lifetime; otherwise, the anti-lapse statute applies." *Early v. Bowen,* 116 N.C. App. 206, 210, 447 S.E.2d 167, 170 (1994); *disc. rev. denied,* 339 N.C. 611, 454 S.E.2d 249 (1995) (*citing In re Will of Hubner,* 106 N.C. App. 204, 416 S.E.2d 401, *disc. rev. denied,* 332 N.C. 148, 419 S.E.2d 572 (1992)). Here, the parties agree with the trial court's finding that "[t]he provisions of testatrix's will pertinent to this action are not ambiguous." Under Article V, the testatrix specifically stated the residue of her property was to include "all lapsed legacies and devises, or other gifts made by this will which fail for any reason." Generally, words used in a will which have a well-defined legal significance are "presumed to have been used in that sense, in the absence of evidence of a contrary intent." *Clark v. Connor,* 253 N.C. 515, 521, 117 S.E.2d 465, 468-69 (1960). A "lapsed" legacy or devise has historically been defined by our courts as one where the legatee or devisee dies before the testator. *See Smith v. Wiseman,* 41 N.C. 540 (1850); *Mebane v. Womack,* 55 N.C. 293 (1855); *Betts v. Parrish,* 312 N.C. 47, 320 S.E.2d 662 (1984).

Nevertheless, appellees contend the testatrix's inclusion of the phrase "including all lapsed legacies and devises" was merely "boilerplate language" and should not be interpreted as an expression of her intent to prevent an application of the anti-lapse statute. In support of their contention, appellees cite *Blevins v. Moran,* 12 S.W.3d 698 (Ky. Ct. App. 2000), in which the Kentucky Court of Appeals held that a will's residuary clause which included the phrase "[a]ll the rest, residue and remainder of my estate . . . including legacies and devises, if any, which may fail for any reason" did not, by itself, establish a testator's intent to avoid operation of its anti-lapse statute. However, the Court reached its conclusion based on its finding that the language used by the testator was ambiguous and its determination that the Kentucky Anti-Lapse Statute carried with it a "*strong* presumption against lapse." *Id.* at 703 (emphasis added).

With the exception of Kentucky, other jurisdictions which have addressed this issue have held that a testator's use of such similar language demonstrates an intention that a lapsed bequest was to become

COLOMBO v. STEVENSON

[150 N.C. App. 163 (2002)]

part of the residuary estate and was not to be saved by their states' anti-lapse statutes. *See Estate of Salisbury*, 143 Cal. Rptr. 81 (Cal. App. 1978) (finding language stating that "the residue of my estate, real and personal, wheresoever situate, including all failed and lapsed gifts" was a sufficiently clear expression of testatrix's intent to render that state's anti-lapse statute inapplicable); *In re Neydorff*, 184 N.Y.S. 551 (N.Y. 1920) (holding that where testator granted the residue to specified person, "including lapsed legacies," the legacies to testator's predeceased brother and sister did not fall within the state's anti-lapse statute); *In re Phelps' Estate*, 126 N.W. 328 (Iowa 1910) (holding a residuary clause which provided "I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated together with any of my estate that may fail, for any reason to pass . . . to the following named persons . . ." demonstrated testator's intention that the State's anti-lapse statute was not to be applied).

A careful review of Articles III and IV of the Will reveals the testatrix granted specific legacies and devises to certain family members without stating what was to occur should any family member predecease her. Thereafter, in Article V, the testatrix provided that her residuary estate was to include "all lapsed legacies and devises, or other gifts made by this will which fail for any reason. . . ." The inclusion of this language indicates that the testatrix contemplated that the legacies and devises granted in Articles III and IV could lapse and clearly demonstrates her intention that should a lapse occur, then the lapsed legacies or devises were to become part of her residuary estate. To apply the anti-lapse statute would require us to presume the testatrix intended that should George Jr. predecease her, the bequests to him in Articles III and IV were to go to George III. We decline to make this presumption in light of (1) the specific language the testatrix used in Article V and (2) the lack of evidence indicating such a contingency in Articles III and IV. *See Clark*, 253 N.C. at 521, 117 S.E.2d at 468-69 (in the interpretation of a testator's intent "nothing is to be added to or taken from the language used, and every clause and every word must be given effect if possible"); *see also Central Carolina Bank v. Wright*, 124 N.C. App. 477, 483, 478 S.E.2d 33, 37 (1996), *disc. rev. denied*, 345 N.C. 340, 483 S.E.2d 162 (1997).

Accordingly, we conclude that, in Article V of her Will, the testatrix used sufficiently clear language to express her intent that the anti-lapse statute not apply to the legacies and devises which lapsed

or failed for any reason. The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

Judges HUNTER and BRYANT concur.