STEPHEN WILSON GRANT, Plaintiff v. GERTRUDE G. CASS, MARY ANN STEVENS, MARLENE G. TURNER, WILLIAM J. GOFORTH, BOBBY RAY GOFORTH, WANDA G. WHITE, GEORGE H. GOFORTH, JR., BARBRA G. BARNEY, MICHAEL BOGER, LINDA S. GREENE, SANDRA K. GAITHER, DAVID BOGER, JERRY BOGER, BESSIE JANE WALL, APRIL S. CAVE, ERIC SAMPSON, KATHY CHAFFIN, KEITH CHAFFIN, AND BRIAN CHAFFIN, Defendants

No. COA05-18

(Filed 18 October 2005)

**Estates; Wills— intestacy—failure of condition precedent—no residuary clause**

The trial court did not err by holding that testatrix's estate should pass by intestacy, because: (1) the condition precedent to plaintiff being a beneficiary under the pertinent will, the simultaneous death of testatrix and her husband, did not occur; and (2) the will contained no residuary clause.

Appeal by plaintiff from judgment entered 5 October 2004 by Judge Michael E. Beale in Iredell County Superior Court. Heard in the Court of Appeals 25 August 2005.

*Eisele, Ashburn, Greene & Chapman, P.A., by John D. Greene, for plaintiff-appellant.*

*Lassiter & Lassiter, P.A., by T. Michael Lassiter, for defendant-appellees.*

ELMORE, Judge.

Addie Belle Smith Harris (testator) died 23 October 2001 without issue. On 23 October 2001, testator's will, dated November 1970, was admitted to probate in Iredell County Superior Court. The first paragraph of the will provides for burial and payment of debts. The second paragraph provides that all of testator's estate should go to her husband, Spencer Wilson Harris. The third paragraph of the will reads:

In the event that my beloved said husband, Spencer Wilson Harris, and I should depart from our earthly existence at the same time, then and then only it is my will and desire that our estate shall be divided and paid over to Miss Minnie Mae Smith sister of Addie Smith Harris, and Steve Wilson Grant, residence of Iredell County, N.C. in equal proportion, share and share alike also it is

my will and desire for Miss Minnie Mae Smith to be executrix of my estate. Now let there be no misunderstanding that this third paragraph shall be used only in the event of double death of myself and said husband, or in the event that he would not regain competency until death.

The will names Spencer Wilson Harris (Harris) as the executor, although Harris died in 1980, some 21 years before testator and 10 years after the execution of testator's will. Also, Minnie Mae Smith, who never married, predeceased testator without issue. As the will did not name a living executor, the court issued letters of administration to Steve Wilson Grant (plaintiff), as the only surviving named beneficiary. On 15 November 2001, the Clerk of the Superior Court revoked the letters of administration issued to plaintiff and advised that her office would proceed no further until there was a determination by the superior court interpreting testator's will.

On 20 August 2002, plaintiff, who is not related to testator, filed the present action seeking a declaratory judgment as to the meaning of testator's will. On 12 January 2004, defendants, who are testator's heirs, moved to remand the matter to the Clerk of Superior Court to determine whether the subject will was in fact the Last Will and Testament of testator. On 24 May 2004, the Clerk entered an order confirming the writing was indeed the Last Will and Testament of testator, and noting an interpretation of the will by declaratory judgment proceedings would still be necessary to determine the administration of the estate. By its 5 October 2004 order, the trial court held that:

the language of the will of Addie Belle Smith Harris is not ambiguous and that her intentions as set forth therein are clearly and consistently expressed that the third paragraph of her will should take effect, only in the event of simultaneous death of her husband and herself and otherwise she intended no disposition of her estate thereunder.

The trial court ordered that the estate of Addie Belle Smith Harris pass by intestacy and remanded the case to the Clerk of Superior Court for administration of testator's estate. From that order, plaintiff appeals.

I.

Plaintiff first contends that the trial court erred by finding the language of the will was not ambiguous because a literal reading of the third paragraph would result in intestacy. Plaintiff is correct that

"[t]he law does not favor a condition of intestacy, and the courts are, therefore, slow to adopt a construction which would lead to any such result in whole or in part." *Faison v. Middleton*, 171 N.C. 170, 173, 88 S.E. 141, 143 (1916) (internal quotations omitted). And moreover, our Supreme Court has been consistent in stating that the dominant purpose in construing any will is to give effect to the testator's intent. *Bank v. Carpenter*, 280 N.C. 705, 707, 187 S.E.2d 5, 7 (1972). However, the Court will not attempt to discern the testator's intent when the language of the will itself "is too plain, the meaning too obvious, to admit of interpretation." *Id.* at 708, 187 S.E.2d at 8. "If the devise is couched in language which is clear and has a recognized legal meaning, there is no room for construction." *Id.* at 709, 187 S.E.2d at 8; *see also Faison*, 171 N.C. at 174, 88 S.E. at 143 ("We must construe this will not by the intention which existed in the mind of the testator, but according to that which is expressed in the will. We should eschew mere conjecture and gather the meaning only from the words.").

Here, the second paragraph of testator's will clearly and unambiguously states all of her estate should pass to her husband, Harris. According to the strongly worded language of the will's third paragraph, only in the event of the simultaneous death of testator and Harris should any portion of testator's estate pass to testator's sister, Minnie Mae Smith, or to plaintiff. That Harris died some 20 years prior to testator and that Smith, as well, predeceased testator, does not change the clear and unambiguous language of the will. Plaintiff's assignment of error is overruled.

## II.

Next, plaintiff contends that the trial court erred in concluding testator's estate should pass by intestacy because an alternate construction of the will would render the instrument valid and preclude intestacy. It is true that the law prefers testacy over intestacy. *Faison*, 171 N.C. at 173, 88 S.E. at 143. Yet, the presumption that the will must be construed to prevent intestacy is generally not employed where the language of a will is clear and definite. *Betts v. Parrish*, 312 N.C. 47, 54, 320 S.E.2d 662, 666 (1984).

Arguing against intestacy, plaintiff directs the Court's attention to *Faison*, but he fails to recognize the distinction between *Faison* and his case. At issue in *Faison* was a will including a paragraph that devised a 648-acre tract of land of the testator. *Faison*, 177 N.C. at 170, 88 S.E. at 141. The identification of the devisee was blank: "Give and devise to my ____ the tract of land on which I now reside, con-

taining 648 acres, for his natural life, and after his death to his heirs." *Id.* at 171, 88 S.E. at 141-42. However, the will at issue in *Faison* did include a residuary clause, and plaintiffs successfully contended the 648 acres should fall into the residue of the testator's estate, rather than falling to intestacy, as advocated by defendants. *Id.* at 171, 88 S.E. at 142. The Court in *Faison* noted the general rule that a *residuary clause* should always be construed to prevent intestacy of any part of the testator's estate, "unless there is an apparent intention to the contrary." *Id.* at 172, 88 S.E. 142.

Here, testator's will includes no residuary clause at all. Testator devised her entire estate to her deceased husband, Harris. Since Harris predeceased testator, the devise to him lapses, and we must apply section 31-42 of our General Statutes to the devise. "Unless the will indicates a contrary intent, if a devisee predeceases the testator . . . and if the devisee is a grandparent of or a descendant of a grandparent of the testator, then the issue of the predeceased devisee shall take in place of the deceased devisee." N.C. Gen. Stat. § 31-42(a) (2003). However, Harris was neither a grandparent of nor a descendant of a grandparent of the testator and had no issue. Therefore, section 31-42(b) controls: "if the provisions of subsection (a) of this section do not apply to a devise to a devisee who predeceases the testator, or if a devise otherwise fails, the property shall pass to the residuary devisee. . . . If there are no residuary devisees, then the property shall pass by intestacy." N.C. Gen. Stat. § 31-42(b) (2003). Although "no particular mode of expression is necessary to constitute a residuary clause," what is necessary is an adequate designation of anything not otherwise disposed of in the instrument. *See Faison,* 171 N.C. at 172, 88 S.E. at 142. The will at issue contains no such designation, but merely contains two alternate devises: one to Harris and one to Smith and plaintiff, the latter occurring only after a condition precedent-the deaths of testator and Harris "at the same time." Because the condition precedent to plaintiff being a beneficiary under the will did not occur and because the will contained no residuary clause, we conclude the trial court did not err in holding that testator's estate should pass by intestacy.

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.