GARY WAYNE HAMMER, PLAINTIFF v. HAROLD DEAN HAMMER, WANDA H. CORNWELL, AND WANDA ABERNETHY HAMMER INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HAROLD LEACH HAMMER, DEFENDANTS

No. COA06-24

(Filed 5 September 2006)

**1. Wills— extrinsic evidence—intent of testator**

    Evidence extrinsic to a will may be considered if the plain words of a provision are not sufficient to identify the person or thing mentioned, but may not be introduced to alter or affect the construction of the will. Testimony contained in plaintiff's affidavits and a deposition regarding the intent of this testator to disinherit one of his sons was properly stricken, and the court properly found that there was no genuine issue of material fact.

**2. Wills— residuary clauses—expression of words—intent of testator**

    The dispositive issue when construing a will is the expression of its words, not the attempt to divine the mind of the testator. The trial court correctly granted summary judgment for defendants in an action on a will in which plaintiff sought a judgment declaring that he was entitled to the entirety of an estate not reserved to the testator's wife. While the will contains two residuary clauses in favor of plaintiff, the provision which controls in this case lacks of a similar clause.

    Appeal by plaintiff from judgment entered 26 October 2005 by Judge Robert C. Ervin in Lincoln County Superior Court. Heard in the Court of Appeals on 17 August 2006.

    *Pendleton, Pendleton & Deaton, P.A., by Wesley L. Deaton, for plaintiff-appellant.*

    *Robert J. Brown, P.A., by Micah J. Sanderson, for defendant-appellee Harold Hammer, and David M. Black, P.A., by David M. Black, for defendant-appellees Wanda Abernethy Hammer & Wanda H. Cornwell.*

STEELMAN, Judge.

    Harold Leach Hammer (testator) died testate on 28 February 2005. His wife and executrix, Wanda Abernethy Hammer (Wanda Hammer) presented testator's will, dated 8 August 1989, to the

Lincoln County Clerk of Court for probate. Item One of the will provides for burial and payment of debts. Additional items are as follows:

ITEM TWO. I give, devise and bequeath to my wife, Wanda Abernethy Hammer, if she shall survive me, my one-half (1/2) undivided interest in our home which is described in deed recorded in Book 724 at Page 423, Lincoln County Registry, all the household and kitchen furniture and furnishings located in the house on said property, my lawnmower, my leafblower, my automobile, my truck and if I own more than one truck, she shall have the choice of trucks. Most, if not all, of my money in banks and savings and loan institutions are in joint accounts with my wife, who will take these accounts if she survives me, with the understanding that she shall pay my funeral and burial expenses and other items set forth in Item One above.

ITEM THREE. In the event my wife, Wanda Abernethy Hammer, and I die simultaneously or as the result of a common accident, I give, devise and bequeath to my stepdaughter, Wanda H. Cornwell, all my interest in my homeplace consisting of Tract One and Tract Two in that certain deed recorded in Book 724, Page 423, Lincoln County Registry, all my household and kitchen furniture and furnishings located in my home, my lawnmower, my leafblower, my automobile and, subject to the provisions of Item One above, one-half (1/2) of all joint checking, savings and bank accounts held jointly by me and my wife in banks and savings and loan institutions; and I give, devise and bequeath all of the rest, residue and remainder of my property and estate of every nature, kind and description and wheresoever situated including the other one-half (1/2) of joint checking, savings and bank accounts, subject to the provisions of Item One above, to my son, Gary Wayne Hammer, in fee.

ITEM FOUR. If my wife, Wanda Abernethy Hammer, shall predecease me but not as the result of a common accident, then and in such event, I give, devise and bequeath all of my property and estate of every nature, kind and description, and wheresoever situated to my son, Gary Wayne Hammer, in fee. My son, Harold Dean Hammer, shall take nothing.

Testator's son, Gary Wayne Hammer (plaintiff), filed a complaint on 14 April 2005 seeking a judgment declaring he was entitled to the entirety of the estate not reserved to testator's wife under Item Two. He submitted four affidavits to the trial court from individuals who

claimed to have had conversations in which the testator clearly expressed his intent to disinherit his other son Harold Dean Hammer (Harold Dean), along with the deposition of Wanda Hammer. Both plaintiff and defendants filed motions for summary judgment. The trial court granted defendants' motion on 26 October 2005. Plaintiff appeals.

**[1]** Plaintiff first contends the trial court erred in granting summary judgment for defendants because proffered affidavits created a material issue of fact. We disagree.

"The intent of the testator is the polar star that must guide the courts in the interpretation of a will." *Coppedge v. Coppedge*, 234 N.C. 173, 174, 66 S.E.2d 777, 778 (1951). The court looks at every provision of the will, weighing each statement, and gathering the testator's intent from the four corners of the instrument. *Holland v. Smith*, 224 N.C. 255, 257, 29 S.E.2d 888, 889 (1944). Extrinsic evidence may be considered if the plain words of a provision are insufficient to identify the person or thing mentioned therein. *Redd v. Taylor*, 270 N.C. 14, 22 153 S.E.2d 761, 766 (1967). However, extrinsic evidence may not be introduced " 'to alter or affect the construction' of the will." *Britt v. Upchurch*, 327 N.C. 454, 458, 396 S.E.2d 318, 320 (1990) (citations omitted).

When the court must give effect to a will provision whose language is ambiguous or doubtful, it must consider the will "in the light of the conditions and circumstances existing *at the time the will was made*." *Wachovia Bank & Trust Co. v. Wolfe*, 243 N.C. 469, 473, 91 S.E.2d 246, 250 (1956) (emphasis in original). This includes consideration of the circumstances attendant, that is, the relationships between testator and the named beneficiaries, as well as the condition, nature and extent of the testator's property. *Id.* By taking into account these factors, the court is said to " 'put itself in the testator's armchair,' " using extrinsic evidence to see the world from the testator's viewpoint, but not to divine his intent. *Id.* at 474, 91 S.E.2d at 250 (citations omitted). Rather, intent is to be determined in accordance with the established rules of construction. *Id.* at 478, 91 S.E.2d at 253.

According to our Supreme Court, extrinsic evidence is never competent to establish the intent of the testator. *Id*; *Britt*, 327 N.C. at 458, 396 S.E.2d at 320 (holding other extrinsic evidence admissible to identify ambiguous property, but not attorney's affidavit as to testatrix's intent); *Redd*, 270 N.C. at 23, 153 S.E.2d at 767 (holding evidence of previous affiliations and contributions competent to identity bene-

ficiary organization, but not declarations made by testatrix). The policy behind this principle is stated succinctly: "Wills are made by testators, not by witnesses." *Thomas v. Houston*, 181 N.C. 91, 94, 106 S.E. 466, 468 (1921).

In the instant case, contrary to plaintiff's assertion, we find no latent ambiguity. In Item Two, through which all property passes, the only devisee is Wanda Hammer. While extrinsic evidence may be necessary to establish the identity of some of the property bequeathed, no evidence in the record tends to further such identification. Plaintiff contends that proffered affidavits establish testator had conversations in which he stated he was leaving his son Harold Dean out of his will. Even assuming *arguendo* that these conversations conveyed the entirety of testator's wishes on the subject, these declarations are incompetent to establish his intent and are inadmissible for that purpose.

Wanda Hammer's deposition was also part of the record before the trial court. Her account of the relationship between testator and his son Harold Dean, evidenced by statements testator made after he and Harold Dean reconciled, conveys a substantially different version of the testator's intent than that put forth by plaintiff. The disparate testimony before the court, coupled with the difficulty that would accompany any attempt by the court to use it to discern the wishes of the deceased, illustrates the wisdom of barring extrinsic evidence as a window into the mind of the testator.

Affidavits offered in support of or in opposition to motions for summary judgment "shall set forth such facts as would be admissible in evidence[.]" N.C. Gen. Stat. § 1A-1, Rule 56(e) (2006). Conversely, evidence set forth in affidavits that would be inadmissible at trial must be stricken and may not be considered by the court in rendering summary judgment. *Borden, Inc. v. Brower*, 284 N.C. 54, 59, 199 S.E.2d 414, 418 (1973). In the present case, testimony contained in plaintiff's affidavits and Wanda Hammer's deposition regarding the intent of testator to disinherit Harold Dean Hammer was properly stricken, and the trial court properly found there to be no genuine issue of fact. Therefore, plaintiff's first argument is without merit.

[2] In plaintiff's second argument, he contends the trial court erred by not granting his motion for summary judgment because the application of established rules of testamentary construction would show him to be the proper recipient of the residuary of testator's estate. We disagree.

Item Two of testator's will specifies certain real and personal property that should pass to his wife Wanda Hammer. This item makes no provision as to the residuary estate. Plaintiff asserts this an ambiguity as to testator's intentions that must be cleared up by reference to the entirety of the instrument.

We are guided by the presumption that " 'one who makes a will is of disposing mind and memory and does not intend to die intestate as to any part of his property.' " *McKinney v. Mosteller*, 321 N.C. 730, 732, 365 S.E.2d 612, 614 (1988) (citations omitted). Generally, residuary clauses should be construed so as to prevent a partial intestacy, unless there is apparent intention of the testator to the contrary. *Faison v. Middleton*, 171 N.C. 170, 172, 88 S.E. 141, 142 (1916). When necessary, a court may even transpose words and phrases to preserve the intent of the testator. *Gordon v. Ehringhaus*, 190 N.C. 147, 150, 129 S.E. 187, 189 (1925). This presumption against partial intestacy must yield, however, when outweighed by manifest and unequivocal intent. *McKinney*, 321 N.C. at 734, 365 S.E.2d at 615.

In the instant case, the testator anticipated various contingencies in the disposition of his estate. If his wife survives him, testator devises in Item Two certain real and personal property to her. In the case of simultaneous death, Item Three devises specified property to testator's step-daughter and bestows the residuary on plaintiff. If wife predeceases testator, Item Four devises the entire estate to plaintiff. While Item Two does not specify how the residuary of the estate is to be disposed, plaintiff argues the provisions of Items Three and Four establish a general plan that he should take everything. This interpretation is inconsistent with the holdings of our courts.

The dispositive issue when construing a will is the expression of the words in it and not the attempt to divine the mind of the testator. *Faison*, 171 N.C. at 174, 88 S.E. at 143. Thus, the conditional devise of a life estate to a woman and remainder to her children, if she marries and has children, or to other heirs if she dies without marrying, was construed so as to pass the property to the other heirs when she died married, but childless. *Sutton v. Quinerly*, 231 N.C. 669, 58 S.E.2d 709 (1950). On the other hand, the Supreme Court ruled against putative heirs and construed a partial intestacy when the will stated, "If my mother and my wife should both predecease me, then I will, devise and bequeath all of my property . . . to my nieces and nephew[,]" and testator was predeceased by his wife, but not his mother. *Betts v. Parrish*, 312 N.C. 47, 50, 320 S.E.2d 662, 664 (1984).

Contrary to plaintiff's assertion, North Carolina courts have found a partial intestacy when a residuary clause is expressly made subject to an unfulfilled condition precedent. *See e.g.*, *Betts*, 312 N.C. 47, 320 S.E.2d 662; *McKinney*, 321 N.C. 730, 365 S.E.2d 612; *Battle v. Lewis*, 148 N.C. 124, 61 S.E. 634 (1908); *Grant v. Cass*, 173 N.C. App. 745, 620 S.E.2d 299 (2005).

In *McKinney*, testator provided: "If my said wife, Ione Harris Baker, survives me, then and in that event, I direct that . . . my Executor shall deliver and convey all the rest and remainder of my aforesaid estate . . . to Neil Wilson McKinney[.]" 321 N.C. at 731, 365 S.E.2d at 613. The testator's wife predeceased him, and when McKinney sought a declaration that the residuary should pass to him, the Supreme Court found the wife's survival was an unfulfilled condition precedent, and that testator had, by this provision, manifested an intent contrary to the presumption against partial intestacy. *Id.* at 732, 365 S.E.2d at 614-15. "The presumption against partial intestacy is merely a rule of construction and cannot have the effect of transferring property in the face of contrary provisions in the will." *Id.* at 734, 365 S.E.2d at 615.

The language contained in the will of Harold Leach Hammer is indistinguishable in form to that found in *McKinney*. Testator's will contains two residuary clauses in favor of plaintiff, but both are subject to conditions precedent. Item Three would have operated if testator and his wife died simultaneously or as the result of a common accident. Item Four would have passed the entire estate to plaintiff if testator was predeceased by his wife. The lack of a similar residuary clause in Item Two, the provision which controls in the present case, is a manifest and unequivocal indication of testator's intent not to pass the residuary of his estate solely to plaintiff.

The granting of summary judgment is proper when there is no genuine issue as to any material fact and any party is entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2006). The trial court correctly held there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law. Plaintiff's argument is without merit.

For the reasons discussed herein, we affirm the trial court's ruling.

AFFIRMED

Judges LEVINSON and STEPHENS concur.