AMANDA CAMERON, ANGELA EDWARDS JONES, HEIRS, AND REPRESENTATIVES OF HEIRS, OF THE ESTATE OF HAROLD EDWARDS, PLAINTIFFS v. CHARLOTTE M. BISSETTE, MELODY B. ALLEGOOD AND Z. ROYCE BISSETTE, JR., AS CO-TRUSTEES OF THE Z. ROYSTER BISSETTE FAMILY TRUST, AND CHARLOTTE M. BISSETTE, Z. ROYCE BISSETTE, JR., MELODY B. ALLEGOOD, MELISSA B. (JOYNER) BATTS, KAREN B. REEVES (REAVES), AND CHRISTOPHER JASON BISSETTE, ALL JOINTLY AND/OR SEVERALLY AS HEIRS AND/OR BENEFICIARIES OF THE ESTATE OF Z. ROYSTER BISSETTE, DECEASED, DEFENDANTS

No. COA07-408

(Filed 20 May 2008)

**1. Civil Procedure— summary judgment—findings of fact and conclusions of law not required**

A trial court is not required to make findings of fact and conclusions of law in determining a motion for summary judgment, and if some are made, they are disregarded on appeal.

**2. Wills— holographic will—description of property—insufficient to constitute devise**

A provision in a holographic will devising "this land" to testator's son for life and then to the son's children was legally ineffective to devise any interest in Wilson County property owned by testator at the time of his death to his son and the son's children where there was no evidence that the Wilson County property was owned by testator at the time he executed the will seven years before his death, and there was no evidence of the sur-

rounding circumstances as of the date the will was executed that might tie the reference to "this land" to any specific property.

Appeal by plaintiffs from order entered 11 December 2006 by Judge W. Russell Duke, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 30 October 2007.

*Nathaniel Currie for plaintiffs-appellants.*

*Narron & Holdford, P.A., by I. Joe Ivey, for defendants-appellees.*

GEER, Judge.

Plaintiffs—the heirs and representatives of heirs of the Estate of Harold Edwards—appeal from the trial court's order granting summary judgment to defendants, who are the trustees, heirs, and beneficiaries of the Estate of Z. Royce Bissette. Frank Edwards, Harold's adoptive father, died testate on 1 March 1958, leaving a holographic will stating in its entirety:

March the 28 1951

this is my Will to say this Land is will [sic] to Harold Edwards His Life Time [sic], and then to his children, and it remand [sic] in the Harold Edwards Family

/s/ Frank Edwards

This appeal hinges on the meaning of the phrase "this Land." Because plaintiffs have presented no evidence that might identify to what property Frank Edwards was referring at the time he wrote his will, the trial court properly entered summary judgment in defendants' favor.

Facts

On 2 April 1958, Frank Edwards' will was probated as his "last will and testament" by the Clerk of the Superior Court for Wilson County. At the time of Frank's death, he owned two parcels of property in Wilson County ("the Wilson County property"). Pinkie Edwards, Frank's wife and Harold Edwards' adoptive mother, died intestate sometime in 1974, leaving Harold as her only heir.

On 5 March 1987, a deed was recorded in Wilson County, conveying the Wilson County property from Harold Edwards to Royce

Bissette. Harold died intestate on 1 September 2000. Royce Bissette died testate on 18 December 2001, leaving the Wilson County property to defendants.

On 9 February 2006, plaintiffs initiated this action, seeking a declaration that they, as Harold's children, are the legal owners of the Wilson County property as a result of Frank's holographic will. Defendants moved to dismiss plaintiffs' action pursuant to Rule 12(b)(6), (7), and 12(c) of the Rules of Civil Procedure. Defendants also moved for summary judgment, asserting that they were entitled to judgment as a matter of law (1) under the statute of limitations, the Rule in Shelley's case, and the Rule Against Perpetuities, and (2) because the will was void for indefiniteness and ambiguity. The trial court entered an order on 11 December 2006 granting summary judgment to defendants based on its determination that "the language contained in the March 28, 1951 holographic Will did not identify the 'land' with definitiveness [sic] and certainty for the purpose of locating and distinguishing it from other real property." Plaintiffs timely appealed to this Court.

## Discussion

**[1]** As an initial matter, we address plaintiffs' contention that the trial court was required by Rule 52(a) to make findings of fact in support of its summary judgment order. As we pointed out to the contrary, in *Weaver v. O'Neal*, 151 N.C. App. 556, 558, 566 S.E.2d 146, 147 (2002) (quoting *White v. Town of Emerald Isle*, 82 N.C. App. 392, 398, 346 S.E.2d 176, 179, *disc. review denied*, 318 N.C. 511, 349 S.E.2d 874 (1986)), " '[a] trial judge is not required to make finding[s] of fact and conclusions of law in determining a motion for summary judgment, and if he does make some, they are disregarded on appeal.' " Rule 52(a)(2) does not apply to a decision on a summary judgment motion " 'because, if findings of fact are necessary to resolve an issue, summary judgment is improper.' " *Summey Outdoor Adver., Inc. v. County of Henderson*, 96 N.C. App. 533, 537, 386 S.E.2d 439, 442 (1989) (quoting *White*, 82 N.C. App. at 398, 346 S.E.2d at 179), *disc. review denied*, 326 N.C. 486, 392 S.E.2d 101 (1990).

**[2]** Plaintiffs next argue that existing issues of material fact should have precluded the trial court from granting summary judgment. "On appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence

CAMERON v. BISSETTE

[190 N.C. App. 614 (2008)]

presented by the parties is viewed in the light most favorable to the non-movant." *Summmey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003); N.C.R. Civ. P. 56(c). An appellate court reviews de novo a trial court's order granting summary judgment. *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007).

The trial court ruled that Frank Edwards' holographic will was legally ineffective to devise any interest in the Wilson County property to Harold Edwards. The facts underlying this legal determination are not in dispute. The parties simply disagree as to the legal effect of Frank Edwards' holographic will and the legal effect of Harold Edwards' conveyance to Royce Bissette. The lawsuit thus presented a proper case for resolution on a motion for summary judgment. *See King v. Cranford, Whitaker & Dickens*, 96 N.C. App. 245, 247, 385 S.E.2d 357, 359 (1989) (directing entry of summary judgment for defendants when parties agreed on set of stipulated facts for purposes of the summary judgment motion so there was no genuine issue as to any material fact, and defendants' motion raised only question whether, on stipulated facts, defendants were entitled to judgment as a matter of law), *disc. review denied*, 326 N.C. 364, 389 S.E.2d 813 (1990).

Plaintiffs, however, assert that the following "unresolved genuine issues of material fact" exist, making summary judgment improper:

1. Whether Frank Edwards' holographic Will was sufficient to transfer title to the subject property to Harold Edwards,

2. Whether Harold Edwards had right, title and interest to convey the property in fee simple, and

[3]. Whether the general warranty deed recorded on 5 March 1987 in Book 1320, Page 947 of the Wilson County Registry conveyed anything more than a life estate in the subject property from Harold Edwards as Grantor to Z. Royce Bissette as Grantee.

These issues do not, however, point to disputes over the facts, but rather raise questions regarding the legal import of the undisputed facts presented by the parties. Indeed, plaintiffs do not, in their brief, point to any question that requires an evidentiary hearing for resolution.

Instead, plaintiffs challenge the trial court's determination that Frank's holographic will was legally ineffective to convey any interest

in real property because the language in the will "did not identify the 'land' with definitiveness [sic] and certainty for the purpose of locating and distinguishing it from other real property." Plaintiffs argue that under the rules relating to the construction of testamentary instruments, Frank's will was sufficiently definite and certain in its identification of the devised property to allow the trial court to effectuate his intent. We disagree.

Preliminarily, we note that "[i]t is generally agreed that devises in wills are to be interpreted more liberally than conveyances in deeds in order, if possible, to give effect to the testator's intent." *Stephenson v. Rowe*, 315 N.C. 330, 335, 338 S.E.2d 301, 304 (1986). Courts have a duty " 'to render a will operative and to give effect to [a] testator's intent if reasonable interpretation can be given which is not in contravention of some established rule of law.' " *Colombo v. Stevenson*, 150 N.C. App. 163, 165, 563 S.E.2d 591, 593 (2002) (quoting *N.C. Nat'l Bank v. Apple*, 95 N.C. App. 606, 608, 383 S.E.2d 438, 440 (1989)), *aff'd per curiam*, 357 N.C. 157, 579 S.E.2d 269 (2003).

If the plain language of the will is ambiguous, "[e]xtrinsic evidence may be considered . . . to identify the person or thing mentioned therein." *Hammer v. Hammer*, 179 N.C. App. 408, 410, 633 S.E.2d 878, 881 (2006). As the Supreme Court has explained the pertinent principles:

> The general rule in North Carolina is that a latent ambiguity presents a question of identity and that extrinsic evidence may be admitted to help identify the person or the thing to which the will refers. This extrinsic evidence is admissible to identify a person or thing mentioned therein. This evidence is not admissible to alter or affect the construction of the will. Surrounding circumstances as well as the declarations of the testator are relevant to the inquiry. Surrounding circumstances do not refer to the intent of the testator, *rather these circumstances mean the facts of which the testator had knowledge when she made her will.*

*Britt v. Upchurch*, 327 N.C. 454, 458, 396 S.E.2d 318, 320 (1990) (emphasis added) (internal quotation marks and citations omitted). *See also Stephenson*, 315 N.C. at 339, 338 S.E.2d at 306-07 ("Courts generally permit evidence of circumstances outside the will to save a devise when there are both objective references in the devise, such as 'homestead tract,' 'homeplace,' 'the house where we live,' etc., and competent evidence of circumstances tending to show that these references can be fitted to a particular piece of property . . . .").

CAMERON v. BISSETTE

[190 N.C. App. 614 (2008)]

In this case, although the parties dispute whether the reference in Frank's will to "this Land" is a latent or patent ambiguity, we need not resolve that issue because plaintiffs have failed to submit any evidence that raises an issue of fact even if that phrase is a latent ambiguity. In arguing that the language "this Land" referred to the Wilson County property, plaintiffs rely exclusively on their evidence that Frank Edwards owned the Wilson County property at the time of his death—seven years after he signed his will. As *Britt* stressed, however, the pertinent time period for extrinsic evidence is the date that the testator executed the will and not the time of his death. 327 N.C. at 458, 396 S.E.2d at 320. *See also Hammer*, 179 N.C. App. at 410, 633 S.E.2d at 881 ("When the court must give effect to a will provision whose language is ambiguous or doubtful, it must consider the will 'in the light of the conditions and circumstances existing *at the time the will was made*.' " (quoting *Wachovia Bank & Trust Co. v. Wolfe*, 243 N.C. 469, 473, 91 S.E.2d 246, 250 (1956))).

Plaintiffs presented no evidence relating to surrounding circumstances as of 28 March 1951, when Frank executed his will, that might tie the reference to "this Land" to any specific property, including the Wilson County property. *Compare Britt*, 327 N.C. at 462-63, 396 S.E.2d at 322 (holding that extrinsic evidence of how testator and his family used adjoining lots at time of execution of will was sufficient to identify both lots as the property described in will as " 'my residence at 2615 Cooleemee Street,' " and trial court properly granted plaintiffs summary judgment); *Stephenson*, 315 N.C. at 340, 338 S.E.2d at 307 (holding that extrinsic evidence that testator purchased and began installing fencing to encompass 30-acre portion of farm was admissible to clarify the ambiguous reference in will to 30-acre tract " 'immediately surrounding the homeplace' ").

Without such evidence, it is impossible to determine from the will, standing alone, what property Frank Edwards intended to devise to Harold Edwards. Plaintiffs have thus failed to present evidence that the provision in Frank's will devising "this Land" refers to the Wilson County property. Yet, the will is the sole basis for plaintiffs' claim that they own the Wilson County property. Accordingly, no issue of fact exists on this record that, if resolved in plaintiffs' favor, would permit the conclusion that plaintiffs are the proper owners of the Wilson County property. The trial court, therefore, properly entered summary judgment in favor of defendants.

Affirmed.

Judges WYNN and STEELMAN concur.